**UNITED STATES of America, Plaintiff-Appellee,**

v. .

**John Darwin EADS, Defendant-Appellant.**

**No. 72–2559**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

June 6, 1973.

---

1. The Nature of the Judicial Process 34 (1921).

---

[*] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**132**

Daryl Gold, Shreveport, La. (Court-appointed, but not under Act), for defendant-appellant.

Donald E. Walter, U. S. Atty., Perry Pringle, Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

On February 9, 1966, Appellant Eads appeared before the district court with his attorney to be arraigned on an information charging him with six counts of interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312. A guilty plea was entered on all six counts, and the court sentenced him to serve five years on the first count. As to the remaining five counts, the court suspended imposition of sentence, and ordered that he be placed on probation for a period of five years after com-

pletion of the sentence imposed on the first count. Less than three weeks later, on February 28, 1966, Eads again appeared before the district court to be arraigned on an additional Dyer Act charge, transferred to that court pursuant to Rule 20, F.R.Cr.P. He waived his right to be represented by counsel, and entered another guilty plea. Imposition of sentence in that case was suspended, and the appellant placed on probation for five years, commencing after his release from confinement on the first count of his other conviction.

After he had been free from custody for some undisclosed period, a warrant was issued against the appellant on September 2, 1971, charging him with violating his probation by leaving the district without permission, and being arrested in New Orleans in possession of illegal firearms. On July 7, 1972, the district court conducted a probation revocation hearing wherein the appellant was represented by court-appointed counsel. After hearing testimony which sufficiently showed that the conditions of probation had been violated, the court revoked the appellant's probation. Eads was then sentenced to serve five concurrent five-year sentences on his February 9, 1966 convictions, running consecutively to a five-year sentence on his February 28, 1966 conviction. Thereafter, the appellant filed a *pro se* notice of appeal and the court appointed another attorney to represent him on appeal.

Counsel has now moved this Court for leave to withdraw on grounds that the appeal is frivolous. Cognizant that the appellant's probation revocation amounted to a "deferred sentencing" under Mempa v. Rhay, 1967, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, wherefore this appeal is in the nature of direct criminal one, United States v. Gras, 5th Cir. 1971, 446 F.2d 7, counsel has filed a brief in conformity with Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Therein he states that after a conscientious examination of the transcript of the appellant's arraign-

ments as well as the record of the probation revocation proceedings, he can find no issue which might arguably support the appeal. The appellant himself has been advised of his right to respond to counsel's motion by raising any points which he claims are appealable, but has only replied with a motion for appointment of new counsel.

We have carefully reviewed the entire record, and conclude that there is no arguable merit for reversal in connection with the appellant's original arraignment proceedings where he pleaded guilty, nor with the probation revocation proceedings. Therefore, as to those aspects of this case, we dismiss the appeal as frivolous under Local Rule 20. See United States v. Mills, 5th Cir. 1971, 446 F.2d 1397; United States v. Minor, 5th Cir. 1971, 444 F.2d 521.

Although the issue was not raised by counsel, this Court on its own independent examination of the record has observed that when the appellant was sentenced after the revocation of his probation, the district court failed to comply with the mandates of Rule 32(a)(1), F.R.Cr.P. That rule provides in part that "[b]efore imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment."

In the case *sub judice*, no such opportunity was afforded either the appellant or the attorney representing him. As this Court noted in Cuozzo v. United States, 5th Cir. 1963, 325 F.2d 274, 275,

"Since the holding of the Supreme Court in the case of Green v. United States, 1961, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670, it has been clear at least on a direct appeal that:

'Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave

no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.' " [footnote omitted]

See also Haywood v. United States, 5th Cir. 1968, 393 F.2d 780.

Therefore, the appeals from the judgments of conviction and from the judgment revoking the appellant's probation are dismissed under Local Rule 20. However, the sentences imposed upon those convictions are vacated and the cause remanded to the district court for resentencing after affording the appellant his right to allocution. Since the proceedings in this Court are terminated, we grant counsel's motion to withdraw from the case, without prejudice to the district court's discretionary authority to reappoint him for the resentencing proceedings. The appellant's motion for appointment of new counsel is denied without prejudice to his right to present such a motion to the district court.

Dismissed in part; vacated and remanded in part.