**UNITED STATES of America,**

v.

**Kim Anthony DREW, Defendant/ Petitioner.**

No. 4:97cv146.
Crim. No. 4:94cr22.

United States District Court,
E.D. Virginia,
Newport News Division.

March 20, 1998.

Steve W. Prost, Special Assistant, U.S. Atty., Norfolk, VA, for U.S.

Kim Anthony Drew Federal Correctional Institution, Butner, NC, pro se.

## *MEMORANDUM OPINION AND DISMISSAL ORDER*

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant Kim Anthony Drew's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court **DISMISSES** defendant's § 2255 motion.

Defendant was found guilty, after a jury trial, of: (1) one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) one count of unlawful use of a communication facility during the commission of a drug trafficking offense, in violation of 21 U.S.C. § 843(b); and (3) two counts of distribution of an imitation controlled substance, in violation of 18 U.S.C. §§ 7 and 13. On August 9, 1994, this court sentenced defendant to twenty-seven months in prison and five years of supervised release. Defendant's five year period of supervised release began on February 23, 1996. On January 23, 1997, this court found that defendant had violated the terms of his supervised release and consequently revoked the same. This court proceeded to sentence defendant to a term of imprisonment of thirty-six months.

Defendant did not appeal the revocation of his supervised release or the imposition of the second term of imprisonment. On June 18, 1997, defendant did request a transcript of his hearing from this court so that he may appeal his "revocation sentence." The court denied defendant's request, informing defendant that the time in which to file a notice of appeal has elapsed, and he thus had failed to show a need sufficient to support his request.

On November 28, 1997, defendant filed this § 2255 motion. Defendant's sole claim is that counsel failed to file an appeal from his supervised release hearing, as requested by defendant.[1] According to defendant, this failure by counsel constitutes *per se* ineffective assistance of counsel. He seeks this court to reinstate his appellate rights.

■ As a general matter, failure to perfect a requested appeal as of right does constitute ineffective assistance of counsel, irrespective of possibility of success on the merits. *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *Allen v. United States*, 938 F.2d 664 (6th Cir.1991)(failure to prosecute requested appeal is presumptively prejudicial). This rule stems from the Sixth Amendment right to counsel, which extends to a federal defendant's direct appeal from a conviction. *Peak*, 992 F.2d at 41; *see Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)(extending the Sixth Amendment right to counsel to direct appeals from a conviction). The court in *Peak* held that where a defendant requests counsel to file an appeal from his conviction, and counsel fails to do so, such failure constitutes a complete deprivation of counsel on appeal. *Id.* at 42. According to the court, such complete deprivation does not require a showing of prejudice to obtain relief under § 2255. *Id.* The appropriate relief for such a violation is for the habeas court to "vacate the judgment of conviction and enter a new judgment from which an appeal can be taken." *Id.*

---

1. On December 8, 1997, after receiving defendant's § 2255 motion, the court gave defendant an opportunity to elaborate on and add to his claim. Specifically, the court asked defendant on what grounds he would have based an appeal challenging his revocation hearing. He respond-
ed by stating that he was denied procedural due process, with no elaboration. The only factual support offered for his § 2255 motion was the allegation that counsel failed to appeal when requested to do so by defendant.

Defendant argues that the *Peak* line of cases applies to his situation, and that his appellate rights should thus be reinstated. However, the *Peak* rule does not apply in defendant's case, as the appeal at issue is not an appeal from a conviction. A Sixth Amendment right to counsel does not attach to an appeal from a supervised release revocation hearing. *Borrego v. United States,* 975 F.Supp. 520, 523 (S.D.N.Y.1997). This follows logically from the fact that there is no guaranteed *constitutional right* to counsel at the supervised release revocation hearing itself.[2] *See United States v. Meeks,* 25 F.3d 1117, 1123 (2d Cir.1994)(holding that "most of the fundamental constitutional procedural protections that are normally applicable to a criminal prosecution are not required for supervised-release proceedings as a matter of constitutional law [including a right to counsel]"); *see also United States v. Pelensky,* 129 F.3d 63, 68 n. 8 (2d Cir.1997); *United States v. Soto–Olivas,* 44 F.3d 788, 792 (9th Cir.1995).

Since defendant had no constitutional right to counsel on appeal from his revocation hearing, he could not be deprived of effective assistance by counsel's failure to file an appeal. *Cf. Wainwright v. Torna,* 455 U.S. 586, 587–88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982)(because defendant had no right to counsel to perfect discretionary appeal, he could not be deprived of effective assistance of counsel by counsel's failure to timely perfect such appeal). Accordingly, the court finds that defendant's request for relief pursuant to 28 U.S.C. § 2255 is without merit. It is **ORDERED** that the motion be, and it is hereby **DISMISSED.**

Defendant may appeal from the judgment entered pursuant to this Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within sixty (60) days from the date of entry of the judgment. For the reasons above stated, the court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

It is so **ORDERED.**

---

2. There is a statutory right to counsel at a revocation hearing. 18 U.S.C. § 3006A(a)(1)(E)(providing for appointed counsel in supervised release revocation hearings). However, this statutory right does not create a Sixth Amendment right to counsel, upon which the *Peak per se* ineffective assistance of counsel rule is based.