### UNITED STATES of America

v.

### Richard F. ALLGOOD, Petitioner/Defendant.

### Civ. No. 2:98CV952. Crim. No. 2:90cr128.

United States District Court, E.D. Virginia, Norfolk Division.

April 27, 1999.

---

556

Janet S. Reincke, Assistant United States Attorney, U.S. Attorney's Office, Norfolk, VA, for USA.

James O. Broccoletti, Zoby & Broccoletti, P.C., Norfolk, VA, for defendant.

## OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on petitioner Richard F. Allgood's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, defendant's motion is **DENIED.**

### I. Factual and Procedural History

On October 18, 1990, Allgood pled guilty to one count of conspiracy to possess with the intent to distribute and to distribute marijuana under 21 U.S.C. § 846, and one

1. Allgood's sentence pre-dated the application

count of tax evasion under 26 U.S.C. § 7201. On November 30, 1990, Allgood was sentenced to ten years confinement for the drug charge, and a suspended sentence with five years of probation on the tax evasion charge.[1] Allgood was released from confinement on January 20, 1995, at which time he began his period of probation on the tax evasion conviction. However, on June 18, 1996, the Parole Commission revoked Allgood's parole for testing positive for the use of cocaine and marijuana, and sent him back to prison, from which he was released on July 20, 1996. Upon his release, Allgood continued his term of probation on the tax evasion charge.

On April 16, 1998, this court found Allgood guilty of violating the terms of his probation, revoked his probation, and imposed a term of incarceration of five years imprisonment, to run concurrently with any unserved portion of Allgood's original sentence on the drug conviction that the Parole Commission might order due to his probation violation. Allgood did not file an appeal of the probation revocation.

Allgood filed his § 2255 motion on August 18, 1998. In his motion, Allgood claims that his counsel was ineffective for failing to file an appeal of the revocation of Allgood's probation, which appeal Allgood claims he directed his attorney to file. Citing Federal Rule of Criminal Procedure 32, Allgood also claims that the five-year term of incarceration imposed at his revocation hearing should be vacated, and he should be "re-sentenced" because the court failed to inform him of his right to appeal.

On September 1, 1998, the court ordered the United States to respond to Allgood's petition within sixty (60) days. The government's response was filed on November 2, 1998. In its response, the government conceded that Allgood was not informed of his right to appeal on April 16, 1998, when his probation was revoked, and agreed that he should be re-sentenced and advised

of the United States Sentencing Guidelines.

of his right to appeal, pursuant to Federal Rule of Criminal Procedure 32(c)(5), and *Paige v. United States,* 443 F.2d 781 (4th Cir.1971). The government also argued that Allgood's ineffective assistance of counsel claim must fail because a constitutional right to counsel must exist for an ineffective assistance of counsel claim to succeed, and there is no constitutional right to counsel in a probation revocation hearing. The government also asserted that Allgood did not, as he claims, instruct his counsel to file an appeal, and submitted an affidavit from Allgood's counsel to this effect.

After the court set a hearing in this case, the government filed a supplemental and corrected response to Allgood's § 2255 motion. In their supplemental response, the government reversed its previous concession that Allgood's sentence had to be vacated because he was not informed by the court of the right to appeal at his probation revocation hearing. The court held a hearing on Allgood's § 2255 motion on February 25, 1999.

### II. Analysis of Defendant's § 2255 Claims

In his § 2255 motion, defendant raises the following arguments: (1) his counsel was ineffective for failing to file an appeal when his probation was revoked; (2) he should be re-sentenced because the court failed to inform him of his right to appeal the term of incarceration imposed at the revocation hearing; (3) the court erred by failing to inform him of the direct consequences of his guilty plea; and (4) the court committed numerous errors at his revocation hearing.[2]

■ Section 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States,* 261 F.2d 546, 547 (4th Cir. 1958).

■ The usual and customary method of correcting trial errors is by appeal. *Sunal v. Large,* 332 U.S. 174, 177, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). Where a constitutional error asserted by a defendant in a § 2255 motion was not raised at trial, sentencing, or on direct appeal, the defendant may have his claim reviewed under limited circumstances. He must, however, meet a two-part "cause and actual prejudice" test to obtain collateral relief. *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Maybeck,* 23 F.3d 888, 890 n. 1 (4th Cir.1994). Under that test, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady,* 456 U.S. at 167–68, 102 S.Ct. 1584. This standard presents "a significantly higher hurdle than would exist on direct appeal." *Id.* at 166, 102 S.Ct. 1584.

■ Should a movant fail to demonstrate cause and prejudice, Supreme Court precedent nevertheless authorizes collateral review in a narrow class of cases, where the error involves a " 'fundamental defect which inherently results in a complete mis-

---

**2.** On November 12, 1998, while his motion was pending before the court, and before the hearing in this matter, Allgood filed a supplement to his § 2255 motion. Allgood raised claims (3) and (4) in his supplement. Because it is apparent to the court from the prior proceedings in this case that Allgood is not entitled to relief on these additional claims, the court, exercising its discretion, did not order the government to respond to the additional claims. *See* Rules Governing Section 2255 Proceedings, Rule 4.

carriage of justice.'" *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). However, this rule applies only in "a very narrow realm of cases where a constitutional violation may have resulted in the conviction of an innocent person." *Noble v. Barnett,* 24 F.3d 582, 586 n. 5 (4th Cir.1994).

 However, the standard of review for an ineffective assistance of counsel claim in a § 2255 motion is different than the standard for other constitutional claims. The *Frady* "cause and actual prejudice" test does not apply because, as numerous courts have noted, ineffective assistance of counsel is an issue which "is more properly raised in a § 2255 habeas motion for collateral relief," and thus should not be raised on direct appeal. *United States v. DeFusco,* 949 F.2d 114, 120 (4th Cir.1991); *see United States v. Lurz,* 666 F.2d 69, 78 (4th Cir.1981); *United States v. Fisher,* 477 F.2d 300, 302 (4th Cir.1973). One who raises an ineffective assistance claim for the first time in a § 2255 motion does not have to pass muster under *Frady,* but need only satisfy the less stringent two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, defendant must show that counsel did not provide "reasonably effective assistance." *Id.* at 687, 104 S.Ct. 2052. In other words, to show deficient performance, the defendant must prove that counsel's advice was not "'within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Second, "the defendant must show that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. To demonstrate prejudice, the defendant must prove that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Failure to meet either prong defeats a defendant's ineffective assistance of counsel claim. *Id.* at 700, 104 S.Ct. 2052. The court need not address both components of the test if the defendant makes an insufficient showing on one part of the test. *Id.* at 697, 104 S.Ct. 2052.

The court now turns to each of defendant's four claims.

## A. Ineffective Assistance of Counsel

 In this case, Allgood's ineffective assistance of counsel claim fails because, as the government correctly argues, there is no constitutional right to counsel in a probation violation hearing. The Supreme Court has consistently held that because there is no constitutional right to counsel in state post-conviction proceedings, a defendant cannot raise an ineffective assistance of counsel claim as a result of actions occurring in post-conviction proceedings. *See Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Gagnon v. Scarpelli,* 411 U.S. 778, 787, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ("the presence and participation of counsel will probably be both undesirable and *constitutionally unnecessary* in most revocation hearings") (emphasis added). In *Gagnon,* the Court adopted a case-by-case approach to the issue of whether a particular defendant is entitled to counsel in such a hearing. *Id.* at 787, 93 S.Ct. 1756. Relying on these cases, a number of federal appeals courts, notably the Second Circuit in *United States v. Meeks,* 25 F.3d 1117 (2d Cir.1994), have held that there is no constitutionally guaranteed right to counsel in federal supervised-release proceedings. *Id.* at 1123 (citing *Gagnon,* 411 U.S. at 790, 93 S.Ct. 1756 for the proposition that there is no constitutionally guaranteed right to counsel in a supervised-release proceeding and acknowledging that counsel in such proceedings is provided only pursuant to statute, 18 U.S.C. § 3006A(a)(1)(C) & (E)); *see United*

*States v. Soto–Olivas*, 44 F.3d 788, 792 (9th Cir.1995); *Glover v. Johnson*, 75 F.3d 264, 269 (6th Cir.1996); *Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir.1979).

Furthermore, faced with a strikingly similar set of facts as in this case, this court has recently held that because there' is no constitutional right to counsel on appeal from revocation of supervised release, or even at the revocation hearing itself, there could be no ineffective assistance of counsel claim based on counsel's failure to file an appeal. *United States v. Drew*, 2 F.Supp.2d 781, 783 (E.D.Va.1998) (Smith, J.). In addition, Allgood's counsel did not perform deficiently and, as a result, Allgood suffered no prejudice.[3] Accordingly, the court finds Allgood's ineffective assistance of counsel claim to be without merit.

## B. Notice of Right to Appeal at Probation Revocation

■ Allgood next argues that his sentence should be vacated and he should receive a new probation revocation hearing because the court failed to inform him of his right to appeal at the original probation revocation hearing on April 16, 1998. While it is undisputed that the court did not discuss the possibility of appeal with Allgood, he is mistaken in his belief that the court had to inform him of a right to appeal. There is simply no requirement, constitutional or otherwise, that a court inform a defendant that he has a right to appeal the outcome of a probation revocation hearing.

---

**3.** *See infra* notes 7 and 8 and accompanying text.

**4.** Because of this important distinction, *Paige v. United States*, 443 F.2d 781, 782 (4th Cir. 1971), cited in the government's original response to Allgood's motion, is not controlling on this case. *Paige* was decided under Rule 32(a)(2), the predecessor section to the current Rule 32(c)(5). Both rules provide that a defendant must be notified of his right to appeal following a sentencing. As Rules 32

■ It is a well-settled principle in this circuit that any term of supervised release, or any term of imprisonment imposed on a defendant for violating the terms of supervised release, probation, or parole, are all part of the original sentence. *United States v. Evans*, 159 F.3d 908, 913 (4th Cir.1998) (stating that supervised release is part of original sentence); *United States v. Woodrup*, 86 F.3d 359, 362 (4th Cir. 1996) ("a sentence imposed upon the revocation of probation or parole is not punishment for the conduct prompting the revocation, but, rather, a modification of the original sentence for which the probation or parole was authorized"); *see Meeks*, 25 F.3d at 1123. Accordingly, a criminal defendant is not entitled to "the full panoply of constitutional protections" at a supervised release, probation, or parole revocation hearing. *Woodrup*, 86 F.3d at 361, 362; *see Meeks*, 25 F.3d at 1123. As a result, revocation of supervised release, probation, or parole is not treated the same as sentencing following the initial conviction for an offense. There is simply no need to do so because defendant was already afforded the benefit of his full constitutional and procedural protections at the original sentencing, such as notification of his right to appeal the sentence, including any terms of supervised release or probation imposed as part of that sentence. *See* Fed.R.Crim.Proc. 32.

The Federal Rules of Criminal Procedure acknowledge the procedural and substantive differences between an initial sentencing following conviction and a revocation hearing by treating each proceeding under a different rule.[4] Rule 32, ti-

---

and 32.1 make clear, however, revocation of probation is not a "sentencing," as the term is used in Rule 32. Instead, because a term of supervised release or probation is part of defendant's original sentence, he has already had a chance to appeal that term as part of the original sentence. When a court revokes a defendant's supervised release or probation, a new sentence is not being imposed, but, instead, the defendant is incarcerated to serve on the original sentence.

tled "Sentence and Judgment," sets out what must occur at a sentencing hearing in subsection (c). Rule 32(c)(5) specifically states that a court must advise a defendant of the right to appeal "after imposing sentence in a case which has gone to trial on a plea of not guilty," or "after imposing sentence in any case." Because the first part of subsection (c)(5) specifically addresses sentencing after trials, the second part of the subsection covers initial sentencings resulting from other methods of conviction, such as pleading guilty to an indictment or criminal information, *see* Advisory Committee Notes to 1994 Amendments (indicating that although subsection (c)(5) was a rewritten version of the former Rule 32(a)(2), there was "no substantive change in practice"), at least where the right to appeal is not waived by the guilty plea. *United States v. Aguilar–Muniz,* 156 F.3d 974, 977 (9th Cir.1998).

By way of contrast, Rule 32.1, titled "Revocation or Modification of Probation or Supervised Release," provides the procedural rules for revocation hearings. Unlike Rule 32, nowhere in Rule 32.1 is there any indication that the defendant must be notified of a right to appeal. This is not surprising, given the fact that there is no constitutional right to counsel at a revocation hearing, *see Drew,* 2 F.Supp.2d at 783,

and the fact that the revocation of probation is simply a modification of the original sentence that has already been imposed and, most probably, appealed. *See Woodrup,* 86 F.3d at 362. As a result, because the court holds that a defendant does not have the right to be informed of the possibility of appeal following a probation revocation hearing, Allgood's motion to vacate his sentence on this ground is DENIED.

■ Even if Allgood is correct in his assertion that Federal Rule of Criminal Procedure 32(c)(5), stating that the court at sentencing must advise defendant of his right to appeal, somehow applies to probation revocation hearings,[5] the failure to do so in this case is harmless error because it is clear from the record that Allgood knew of his right to appeal. In *Peguero v. United States,* —— U.S. ——, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999), the Supreme Court recently held that a district court's failure to advise a defendant of his right to appeal was subject to harmless error analysis.

In *Peguero,* the district court erred by not informing the defendant of his right to appeal pursuant to Rule 32(c)(5). The defendant failed to file an appeal. In a subsequent collateral attack on his sentence, the defendant claimed that he received ineffective assistance of counsel because his counsel had failed to file a notice of

---

**5.** Faced with the possibly analogous question of whether defendants are entitled to an opportunity to address the court ("allocution"), as provided for in Rule 32(c)(3)(C), at revocation of supervised release or revocation of probation hearings, even though allocution is not provided for in Rule 32.1, a number of circuits have held that there is a right of allocution in both proceedings because Rule 32 and Rule 32.1 are "complementary." *United States v. Carper,* 24 F.3d 1157, 1159 (9th Cir.1994) (rejecting the government's argument that "[defendant] was entitled to the procedures outlined in Rule 32.1 and no more"); *United States v. Patterson,* 128 F.3d 1259, 1260–61 (8th Cir.1997) (per curiam); *United States v. Rodriguez,* 23 F.3d 919, 921 (5th Cir.1994) (same). *But see United States v. Waters,* 158 F.3d 933, 943–44 (6th Cir. 1998) (rejecting *Carper*'s reasoning, and holding that Rule 32 does not provide a right of

allocution at a revocation of probation or supervised release hearing).

Specifically, the court in *Waters* reasoned that if the Rule 32 right of allocution applied to revocation proceedings controlled by Rule 32.1, then other aspects of Rule 32, such as the requirement that a presentence report be prepared, would also have to apply to revocation proceedings. The court in *Waters* went on to say that "[t]here is no indication that Congress intended these additional requirements to apply to supervised release sentencing." *Id.* at 944. In an unpublished opinion, the Fourth Circuit acknowledged the split in the circuits on the specific question of whether Rule 32(c)(3) (allocution) applies to a supervised release revocation, but did not decide the issue. United States v. Torry, No. 98–4333, 1998 WL 887016, 166 F.3d 1211 (4th Cir. Dec.21, 1998).

appeal pursuant to defendant's request. Following a hearing, the district court denied the motion to vacate defendant's sentence because the court found that defendant was actually aware of the right to appeal at the time of sentencing. The Third Circuit affirmed the district court, holding that a violation of Rule 32(a)(2) was subject to harmless error analysis. However, the Third Circuit opinion created a split on this issue in the federal circuits. Compare *Thompson v. United States*, 111 F.3d 109 (11th Cir.1997) (holding that defendant is entitled to relief even if he knew of his right to appeal through other sources), and *United States v. Sanchez*, 88 F.3d 1243 (D.C.Cir.1996) (same), and *Reid v. United States*, 69 F.3d 688 (2d Cir.1995) (per curiam) (same), *with Tress v. United States*, 87 F.3d 188 (7th Cir. 1996) (holding that defendant not entitled to relief if he knew of right to appeal), and *United States v. Drummond*, 903 F.2d 1171 (8th Cir.1990) (same). Cf. *Paige v. United States*, 443 F.2d 781, 782 (4th Cir. 1971) (rejecting government's argument that defendant had actual knowledge of right to appeal, even though the court had not formally informed him of his right to appeal).[6] In resolving the circuit split, the Supreme Court affirmed the ruling of the Third Circuit, specifically holding that a defendant is not entitled to collateral relief "if he knew of his right [to appeal] and hence suffered no prejudice from the omission." *Id.*

In this case, exactly as occurred in *Peguero*, Allgood admits in his ineffective assistance of counsel claim that he knew he could appeal the term of incarceration imposed at his probation revocation hearing. Allgood claims that he told his counsel to file a notice of appeal, but that his counsel failed to do so. Irrespective of whether Allgood did in fact make this request of his counsel,[7] the very fact that he claims that he made the request demonstrates that Allgood was aware of the right to appeal at the time of the hearing.[8] As a result, even if the court should have informed Allgood of this right in the specific context of the probation revocation hearing, it is clear that Allgood suffered no prejudice from the court's omission.

## C. Voluntariness of the Guilty Plea

 Allgood now claims that his guilty plea was not made knowingly and voluntarily because, at the time it accepted his guilty plea, the court failed to inform him of the possibility that he would receive a term of probation and the resultant consequences of receiving such a sentence. Allgood claims that this failure was in violation of Federal Rule of Criminal Procedure 11, which states that

[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term.

---

6. To the extent that *Paige*, 443 F.2d at 782, can be read as not permitting a harmless error analysis in the event that a district court does not advise a defendant of his right to appeal, it is effectively overruled by *Peguero*.

7. The government submitted the affidavit of Kenneth B. Wills, Allgood's attorney at the probation revocation hearing. In his affidavit, Wills indicates that Allgood never asked him to note an appeal of the probation revocation.

8. Additionally, the court would note that Allgood simply had no issue to appeal. The term of incarceration that Allgood received at the revocation hearing was in keeping with the terms of his original sentence, and within the bounds of the law. Unless the court abused its discretion at the revocation hearing, there is no issue on appeal. As a result, Allgood would not receive any meaningful relief by the court now vacating his sentence, reimposing the same sentence, and simply telling him of a right to appeal.

Fed.R.Crim.Proc. 11(c)(1).[9] The record clearly demonstrates, however, that the court properly advised Allgood of the maximum possible penalty he could receive for count two, which was five years incarceration. Furthermore, the court was not required to inform him of the possibility or effect of probation where, unlike supervised release, there was no possibility that revocation of probation would result in a term of incarceration in excess of the maximum allowed by statute.

During the plea colloquy, the court stated to the defendant:

> Now, you are also charged with a violation of Title 26 of United States Code, Section 7201, and the maximum possible penalty provided by law for this offense is imprisonment for a period not to exceed five years and a fine not to exceed $250,000.

Tr. at 5 (Oct. 19, 1990); *see* 26 U.S.C. § 7201. When asked whether he understood the seriousness of this penalty, defendant responded, "Yes, your honor." Tr. at 5 (Oct. 19, 1990). When he was sentenced, instead of receiving a five-year term of imprisonment on count two, Allgood received a five-year term of probation instead. *See generally United States v. Sanchez–Estrada,* 62 F.3d 981, 993 (7th Cir.1995) ("Probation is a 'sentence in and of itself,' and is an 'alternative to incarceration'" (citing to U.S. Sentencing Guidelines)). As such, at sentencing, the court chose not to impose the maximum penalty, but, instead, imposed an alternative that held the maximum penalty in abeyance, provided defendant fully complied with the probationary terms imposed by the court.[10] When Allgood failed to comply with his terms of probation, it was revoked and he was incarcerated for a term that did not exceed the five-year statutory maximum penalty on count two, of which he had been advised by the court at his guilty plea.[11]

Allgood then argues that the failure to advise him of the consequences of probation at his plea colloquy rendered his plea involuntary.[12] However, Allgood's reliance on numerous cases holding that the failure to inform a defendant of the consequences

---

9. The term "or supervised release" was added to this section of Rule 11 in 1989 to encompass defendants sentenced under the sentencing guidelines. The current version, as quoted in the text, remains applicable to defendants given "special parole" in pre-guideline cases. However, the court would note that, in this case, Allgood was placed on probation and not given a term of special parole, therefore this section of Rule 11 is not applicable to him.

10. Defendant now attempts to claim that he never would have pled guilty, but would have proceeded to trial, if he had known that he would have been placed on five years probation instead of being sent to prison for five years on count two. Essentially, defendant is arguing that he would rather have gone to prison than accept the chance the court provided by placing him on probation. This argument is contrary to defendant's position at sentencing, where he requested the court, through counsel, for leniency. Tr. at 6–9, 15, 17, 20–22 (Nov. 30, 1990). Moreover, defendant's current position is illogical and defies common human experience to believe that a defendant would prefer to go to prison rather than take the opportunity to be free from incarceration presented by a sentence of probation. Instead, it is clear to the court that defendant, having failed to make good use of the opportunity provided by the court and now having to serve the maximum penalty provided for under count two, is "fishing" for a means to avoid the consequences of his own actions.

11. Defendant continues to confuse the distinction between the sentence and the maximum penalty. A sentence is imposed after conviction, and may or may not involve the maximum penalty. In Allgood's case, he was sentenced to probation on count two and advised of his right to appeal. Probation was not the maximum penalty. Allgood then received the maximum penalty as a result of his probation revocation. This maximum penalty, of which he was advised during his guilty plea proceeding, was not a "new" sentence. *See supra* Part II.B.

12. The court notes that Allgood was fully advised of the consequences of violating the terms of his probation at his sentencing. Tr. at 26 (Nov. 30, 1990). Allgood did not seek to withdraw his guilty plea at that time and never raised this issue on appeal or anywhere else until now. *See supra* note 10.

of a term of supervised release or special parole constitutes reversible error, *see, e.g., United States v. Good,* 25 F.3d 218 (4th Cir.1994) (supervised release); *United States v. Osment,* 13 F.3d 1240 (8th Cir. 1994) (supervised release); *United States v. Roberts,* 5 F.3d 365 (9th Cir.1993) (supervised release); *Moore v. United States,* 592 F.2d 753 (4th Cir.1979) (special parole), is misplaced. None of the cases cited by defendant involve the failure to explain the consequences of probation, which is the issue in this case. This distinction is important because supervised release and special parole both operate much differently than probation. Unlike probation for a suspended sentence, as in this case, imposition of a term of supervised release or special parole may lead to a defendant being incarcerated for a longer period than the statutory maximum. *See, e.g., Osment,* 13 F.3d at 1243 (explaining that under "worst case" scenario, defendant could receive sentence in excess of statutory maximum where revocation of supervised release at end of supervised release term could result in additional incarceration period of two years; holding that failure to explain this possibility was not harmless error).

In Allgood's case, however, violation of the terms of probation could not result in imposition of a sentence longer than the statutory maximum (of which he was advised during the plea colloquy), because at his revocation hearing the court could only impose a sentence that it could have originally imposed, i.e., no more than the statutory maximum. *See* 18 U.S.C.A. § 3653 (West 1985) (repealed 1986) ("[T]he court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.") (applies to pre-Guidelines cases).

Allgood has cited no case in which a court has held that the failure to inform a defendant of the consequences of probation at the plea colloquy renders the plea involuntary. To the contrary, courts have routinely held that the failure of a district court to advise a defendant of the possibility or consequences of probation does not render a guilty plea involuntary. *See Parry v. Rosemeyer,* 64 F.3d 110, 114 (3d Cir.1995); *United States v. Gomez–Cuevas,* 917 F.2d 1521, 1527 (10th Cir.1990); *Bachner v. United States,* 517 F.2d 589, 596–97 (7th Cir.1975). In *Parry,* the Third Circuit held that the fact that a defendant could be ordered to serve a term of imprisonment at a probation revocation hearing was a collateral consequence of defendant's guilty plea. The *Parry* court reasoned that it was a collateral consequence because it did not result directly from the initial guilty plea. Instead, an affirmative act on the part of the defendant, i.e., not complying with the terms of his probation, resulted in the revocation of probation and imposition of the term of incarceration. *Cf. Strader v. Garrison,* 611 F.2d 61, 63 (4th Cir.1979) (holding that failure to advise of indirect, collateral consequence, such as parole eligibility, does not render a plea involuntary).

Thus, the court finds there was no error in accepting defendant's guilty plea. At the time defendant entered such plea, he was fully advised of the maximum penalty, and there was no requirement to inform him of the possibility of probation and its consequences.[13] Further, defendant has never received a sentence that exceeded the maximum penalty, of which he was advised at his guilty plea. Thus, defendant has failed to demonstrate that he did not enter the guilty plea freely and voluntarily. Because the court finds that there was no constitutional error in this case, it

---

**13.** Moreover, defendant was properly informed of all necessary aspects of probation at sentencing and has never raised this issue previously. *See supra* note 12. Allgood has offered no explanation or cause for this failure. *See Frady,* 456 U.S. at 167–68, 102 S.Ct. 1584.

is not necessary to reach the *Frady* "cause and prejudice" analysis.

### D. Errors at the Revocation Hearing

With respect to the probation revocation hearing held on April 16, 1998, Allgood claims that the court did not have jurisdiction to hear the case because his term of probation had ended. Allgood claims that because the court at sentencing did not order the term of probation on count two to run consecutive to the sentence he received on count one, that his probation began on the day he was sentenced and expired five years later. Under this rationale, because he was sentenced on November 30, 1990, Allgood claims that his probation period ended on November 30, 1995. Contrary to Allgood's assertion, the court did order the term of probation to begin following his release from incarceration on count one.

■ A term of probation begins the day the sentence is imposed, unless the court orders otherwise. 18 U.S.C. § 3564(a). In this case, the judgment imposed by the court on count two clearly states that "the defendant shall be placed on a term of PROBATION for a period of FIVE (5) YEARS, usual conditions, upon release from confinement as to Count 1." Judgment Order at 1 (Filed Nov. 30, 1990). Allgood was released from confinement on January 20, 1995, and began his term of probation on that date. At the time of the probation revocation hearing on April 16, 1998, Allgood had served slightly more than three years of his probation. Thus, the court had jurisdiction over defendant's case at the probation revocation hearing.

■ Allgood next argues that because he was on probation for three years after his release from prison and received a five-year term of incarceration at the revocation hearing, the sentence he received was in excess of the five-year statutory maximum that he could receive for income tax evasion. *See* 26 U.S.C. § 7201. However, Allgood is mistaken in his assumption that the three years that he served on probation should be counted toward the total sentence. Because time served on probation is not part of the period of imprisonment, the refusal to credit probation time against the prison sentence is not an enlargement of the original sentence. *Hall v. Bostic*, 529 F.2d 990, 992 (4th Cir.1975); *see id.* at 991 n. 4 (collecting cases). Therefore, because Allgood did not receive a term of incarceration in excess of the five-year statutory maximum under 26 U.S.C. § 7201, of which he was duly informed at his plea colloquy, there was no error in this case.

■ Finally, Allgood claims that the court erred and violated his due process rights by not stating on the record the reasons for the five-year term of incarceration as required by 18 U.S.C. § 3553(c). Again, however, Allgood is simply incorrect. The record clearly demonstrates that the defendant stipulated to all of the probation violations that were brought to the court's attention. The undisputed evidence before the court was that Allgood repeatedly tested positive for use of controlled substances. The court stated that Allgood had used drugs extensively throughout the period of his probation and that he had not responded favorably when given the opportunity for drug treatment. There was also ample evidence before the court that Allgood continually failed to comply with the administrative terms of his probation. The court reviewed all of these factors, both during the revocation hearing and at the end of the hearing, when Allgood received the five-year period of incarceration. Tr. at 7–8, 14–15 (Apr. 16, 1998). Thus, Allgood's claim simply has no merit and he was not prejudiced in any manner.

### III. Conclusion

For the reasons stated above, the court **DENIES** Allgood's motion under § 2255 to vacate, set aside, or correct his sentence.

Allgood is advised that he may appeal from this Opinion and Final Order by for-

warding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Final Order. For the reasons above stated, the court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to Allgood and his current counsel, his probation revocation hearing counsel, and the United States Attorney.

It is so **ORDERED.**