[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 25, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-12880

_____

D. C. Docket No. 00-00024-CR-SPM-1

UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

SIDNEY CARL FRAZIER,
a.k.a. Sydney Oliver,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 25, 2002)

Before WILSON, HILL and FAY, Circuit Judges.

PER CURIAM:

Appellant Sidney Carl Frazier ("Frazier") appeals from the judgment of the district court revoking his term of supervised release and sentencing him to additional incarceration. Frazier argues that the district court erred by sentencing him for violating the terms of his supervised release without allowing him to allocute before imposing the sentence. Specifically, Frazier argues that the district court improperly

denied him his right of allocution pursuant to Rule 32 of the Federal Rules of Criminal Procedure. We reject this argument and affirm.

Frazier was originally convicted of possessing counterfeit notes with the intent to defraud, in violation of 18 U.S.C. § 472. On February 18, 1998, the district court sentenced him to 15 months imprisonment followed by a three year term of supervised release. Under the conditions of the supervised release, Frazier was not to commit any federal, state or local crime.

Frazier began his term of supervised release on December 1, 1998. On April 14, 2000, the jurisdiction of his supervised release was transferred to the Northern District of Florida. On April 6, 2001, the probation officer, alleging a violation of a condition of his supervision, filed a Petition for Warrant for Offender Under Supervision. Specifically, the petition alleged that Frazier had committed aggravated assault and battery.[1] On May 16, 2001, the district court, after conducting a hearing, found that Frazier had violated the terms of his supervised release and committed him to an additional 24 months incarceration. The record is clear that prior to sentencing the district court did not provide Frazier with an opportunity to personally address the court. Frazier made no objection at the time.

Where the defendant fails to make a timely objection, we review a district court's failure to address a defendant personally at sentencing for plain error. *United States v. Gerrow,* 232 F.3d 831, 833 (11th Cir.2000), *rev'd on other grounds, United*

---

[1]On February 24, 2001, Beverly Slappy filed charges against Frazier for assault and battery. Allegedly, Frazier punched Ms. Slappy in the head and threw her on the ground, punching and kicking her several times. Further, he threatened her with a tire iron and stole her money.

*States v. Sanchez,* 269 F.3d 1250 (11th Cir.2001) (*en banc* ). Further, this Court will remand only if "manifest injustice" results from the omission. *Gerrow,* 232 F.3d at 834 (quoting *United States v. Tamayo,* 80 F.3d 1514, 1521 (11th Cir.1996)). After reviewing the record, the parties briefs and the argument of counsel, we find no plain error.

This Court has not yet addressed the question of whether a defendant has the right to allocute upon resentencing for violating the terms of his or her supervised release. Rule 32 of the Federal Rules of Criminal Procedure specifies the process by which a sentence and judgment are imposed upon a defendant following conviction. Rule 32(c)(3)(C) provides a party with the right to allocute, requiring a district court to, "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence," before the court imposes a sentence. Fed.R.Crim.P. 32(c)(3)(C). Effective December 1, 1980, Rule 32.1 was added to the Federal Rules of Criminal Procedure. It is entitled "Revocation or Modification of Probation or Supervised Release," and provides, in part, that at a revocation hearing, a person shall be afforded:

(A) written notice of the alleged violation;

(B) disclosure of the evidence against the person;

(C) an opportunity to appear and to present evidence in the person's own behalf;

(D) the opportunity to question adverse witnesses; and

(E) notice of the person's right to be represented by counsel.

Fed.R.Crim.P. 32.1(a)(2).

Appellant urges us to find that Rule 32.1 incorporates the provision of Rule 32 concerning the right of allocation. He bases his argument on the rationale used by several of our sister circuits which have held that the right of allocation in Rule 32 applies at supervised release revocation hearings. *See United States v. Patterson,* 128 F.3d 1259, 1261 (8th Cir.1997) (holding that Rule 32 provides a defendant with the right to allocute at supervised released revocation hearings); *United States v. Rodriguez,* 23 F.3d 919, 921 (5th Cir.1994) (same); *United States v. Carper,* 24 F.3d 1157, 1162 (9th Cir.1994) (same). Although we find these decisions reasonable, we find the conclusion of the Sixth Circuit in *United States v. Waters,* 158 F.3d 933 (6th Cir.1998), more persuasive.

The focus of the discussion before us is whether Rule 32.1 also incorporates the additional provisions of Rule 32 including, but not limited to, the right of allocation. We think not. The appellant in *Waters* argued that the lower court erred by failing to provide him with an opportunity to allocute prior to sentencing for violating his supervised release. *See id.* at 942. In deciding that Rule 32.1 does not incorporate the provisions of Rule 32, the court noted that, "[Rule 32.1] is silent with respect to whether a defendant has a right to allocute before sentence is imposed at a revocation hearing." *Id.* at 943. The court concluded that the right of allocution specified in Rule 32 does not apply at supervised release revocation hearings. *See id.* at 944. Were we to hold that Rule 32.1 incorporates all of the provisions of Rule 32, the sentencing court would not only have to give the defendant a right to allocution, it would have to require presentence investigation reports along with all of the other

demands of the rule. *See id.* In our opinion, this would render Rule 32.1 superfluous. However, given the importance of allocution, we agree that the better practice is for district courts to provide defendants with an opportunity to allocute prior to the imposition of a sentence based upon a violation of supervised release.

In suggesting this procedure we are mindful of what we did in *United States v. Eads,* 480 F.2d 131, 133 (5th Cir.1973).[2] In *Eads,* we *sua sponte* noted that the defendant was not given the right to allocute prior to sentencing at a revocation hearing which terminated his term of probation. *See id.* The Court, stressing the importance of the right to allocute and the fundamental nature of such in the process of imposing any sentence of incarceration, granted the appellant the right to allocute.

Although the right to allocution was granted to *Eads,* we recognize that a revocation of probation is different from the revocation of supervised release. *See Waters,* 158 F.3d at 943 (distinguishing sentencing for a violation of supervised release from a probation violation). We also note that Rule 32.1 was not in existence until 1980. Because Rule 32.1 is silent with respect to the right to allocute at a revocation hearing, and since *Eads* does not control our situation, there exists no legal requirement to grant a defendant the right to allocution at a revocation hearing for supervised release. Consequently, Frazier's rights were not violated; and thus, there is no error, plain or otherwise.

It does appear to us, however, that this question is one that should be addressed

---

[2]This Court adopted as binding precedent all decisions of the Fifth Circuit handed down prior to October 1, 1981. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc* ).

by the Advisory Committee on the Federal Rules of Criminal Procedure. The right of allocution seems both important and firmly embedded in our jurisprudence. We suspect that its omission from Rule 32.1 could be the result of a simple oversight.

In conclusion, the district court did not commit plain error in denying Frazier an opportunity to allocute prior to imposing the sentence because there presently exists no such requirement. Further, there was no manifest injustice that resulted from the omission. The judgment of the district court is affirmed.

AFFIRMED.