**UNITED STATES of America,**

v.

**Steven THOMPSON, Defendant.**

**No. CR.A. 92–403–1.**

United States District Court,
E.D. Pennsylvania.

Jan. 10, 2003.

Richard P. Barrett, Esquire, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Anne M. Dixon, Esquire, Stephen Robert La Cheen, Philadelphia, PA, for Defendant.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On December 7, 1992, Steven Thompson pled guilty to Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 371 (Count One), Aggravated Bank Robbery with a Weapon in violation of 18 U.S.C. § 2113(d) (Count Three), and Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count Four). On February 12, 1993, this court sentenced Mr. Thompson to 46 months imprisonment on Count One and Count Three, to run concurrently; 60 months imprisonment on Count Four, to run consecutively; and five years of supervised release.

After a hearing on May 17, 2001, this court revoked supervised release and sentenced Mr. Thompson to 12 months imprisonment followed by supervised release equal to the term that remained unexpired prior to revocation. Mr. Thompson began his current term of supervised release on

March 3, 2002. On July 9, 2002, the court modified the conditions of Mr. Thompson's supervised release to include mental health and substance abuse treatment.

Now before the court is a Petition for Revocation of Supervised Release prepared by the Probation Office on September 16, 2002. Upon consideration of the submissions of the parties, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. A general condition of defendant's supervised release was that he report to the Probation Office as directed and submit complete reports to that Office within the first 5 days of each month.

2. The defendant failed to report to the Probation Office for supervision and drug testing purposes as directed on August 20, 2002; August 27, 2002; and September 3, 2002.

3. The defendant notified the Probation Office on September 6, 2002 that he had been ill and unable to report. The Probation Office directed him to report with medical verification on September 9, 2002. On September 9, 2002, Defendant contacted the Probation Office by telephone and told the Officer he would no longer be reporting.

4. Another general condition of defendant's supervised release was that he notify the Probation Office of any change in residence within 10 days.

5. On September 9, 2002, defendant spoke with a Probation Officer by telephone and said that he was no longer living at his address of record and refused to inform the Officer where he currently resided.

6. Another general condition of defendant's supervised release was that he not purchase, possess, use, distribute, or administer any controlled substance except as prescribed by a physician.

7. Mr. Thompson submitted urinalysis tests to the Probation Office which tested positive for the presence of cocaine on June 18, 2002; June 27, 2002; and July 2, 2002. On July 16, 2002, Mr. Thompson admitted to an employee of the Probation Office that he used approximately $10.00 to $20.00 worth of cocaine on weekends.

8. A special condition of defendant's supervised release, imposed by the court on July 9, 2002, was that he participate in mental health or substance abuse program(s) as directed by the Probation Office.

9. On July 11, 2002, the Probation Office directed Mr. Thompson to start an outpatient substance abuse and mental health treatment program at Alternative to Placement consisting of weekly individual sessions. On September 11, 2002, a Probation Officer spoke with a representative of this facility and was informed that Mr. Thompson had failed to attend his scheduled sessions on August 29, 2002 and September 5, 2002.

### Conclusions of Law

1. Revocation of supervised release is governed by the provisions of 18 U.S.C. § 3583(e). In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to deter the defendant and others, protect the public, and rehabilitate the defendant. See 18 U.S.C. § 3553(a). The court should also consider the kinds of sentences established for the offense, relevant policy statements, and the need to avoid unwarranted sentence disparities among defendants with similar records. See id.

2. If, after considering the foregoing factors, the court finds by a preponderance

of evidence that the defendant has committed the violations alleged, the court may, *inter alia,* continue him on supervised release; extend the term of supervised release, or modify or enlarge its conditions; or revoke supervised release. *See* 18 U.S.C. § 3583(e).

3. Supervised release in this case is also governed by 18 U.S.C. § 3583(g)(1), which applies where a defendant has possessed a controlled substance in violation of a condition of supervised release as set forth under 18 U.S.C. § 3583(d). 18 U.S.C. § 3583(g) requires the court to revoke supervised release and to require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment under 18 U.S.C. § 3583(e)(3).

4. The court must revoke supervised release in this case under 18 U.S.C. § 3583(g)(1), as the defendant tested positive on three occasions for cocaine use and admitted to such use.

5. Chapter Seven of the U.S. Sentencing Guidelines also applies to supervised release in this case. The Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory. These policy statements are only one factor the court shall consider in addressing modification of supervised release. *See United States v. Schwegel,* 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

6. The Probation Office's petition and evidence presented at the hearing established by a preponderance of the evidence that defendant has committed the following four violations of supervised release. First, the defendant violated the condition that he report as directed to the Probation Office, constituting a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3). Second, the defendant violated the condition that he notify the Probation Office within ten days of any change in residence, constituting a Grade C violation. *See id.* § 7B1.1(a)(3). Third, the defendant violated the condition that he not purchase, possess, use, distribute, or administer any controlled substances, constituting a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3). Fourth, the defendant violated the condition that he participate in mental health or substance abuse treatment program(s) as directed by the Probation Office, constituting a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3).

7. According to the Guidelines, the court may, upon a finding of a Grade C violation, the court may revoke supervised release or extend and or modify the terms of supervised release. *Id.* § 7B1.3(a)(2).

8. Under the Sentencing Guidelines, the recommended range of imprisonment is six to twelve months, as Mr. Thompson's criminal history category is IV and he has committed a Grade C violation. *See id.* § 7B1.4(a). Pursuant to U.S.S.G. § 7B1.3(c)(1), since the minimum term of imprisonment under section 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in section 5C1.1(e) for any portion of the minimum term.

9. The statutory maximum term of imprisonment upon revocation is three years, as Mr. Thompson's original offense was a Class B felony. *See* 18 U.S.C. § 3583(e)(3).

10. If a term of imprisonment is imposed, a term of supervised release is not required, but the court may impose a term of supervised release of not more than one year. *See* U.S.S.G. § 7B1.3(g)(1) (where supervised release is revoked and term of imprisonment is imposed, U.S.S.G. §§ 5D1.1–1.3 shall apply); *id.* § 5D1.1(b) (where a sentence of imprisonment is not more than one year, court may order a

term of supervised release to follow imprisonment).

11. Upon consideration of 18 U.S.C. § 3553(a), the court revokes the defendant's supervised release and imposes a sentence of twelve (12) months.[1] The court does not impose a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

## ORDER

**AND NOW**, this 10th day of January, 2003, upon consideration of the Petition for Revocation of Supervised Release, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. The defendant's supervised release is REVOKED;

2. The defendant is committed to the custody of the Bureau of Prisons for a term of twelve (12) months; and

3. There shall be no term of supervised release after defendant's release from imprisonment.

---

**1.** This court informed the Defendant of his right to appeal this sentence and of his right to allocution at the revocation hearing. Informing a defendant of his right to appeal a sentence imposed upon revocation of supervised release is discretionary. Although courts in this district have not addressed this issue, courts in other districts have found that Federal Rule of Criminal Procedure 32 does not require a court to notify a defendant of his right to appeal in this situation. *See, e.g., United States v. Allgood,* 48 F.Supp.2d 554, 560–61 (E.D.Va.1999). The Circuit Courts have not agreed as to whether a defendant must be notified of his right to allocution at a hearing for revocation of supervised release or probation. *See U.S. v. Ramon,* 310 F.3d 317, 320 (5th Cir.2002) (notice of right of allocution is required before imposing a sentence upon revocation of supervised release); *United States v. Patterson,* 128 F.3d 1259, 1261 (8th Cir.1997) (same); *United States v. Allen,* 157 F.3d 661 (9th Cir.1998) (same); *United States v. Waters,* 158 F.3d 933 (6th Cir.1998) (no right to allocution in supervised release revocation hearing); *United States v. Frazier,* 283 F.3d 1242 (11th Cir.2002) (same). Given that the right of allocution is an important procedural guarantee for criminal defendants, *see United States v. Faulks,* 201 F.3d 208, 211–12 (3d Cir.2000), this court finds that notifying defendants of their right to speak on their behalf is prudent before imposing a sentence upon revocation of supervised release.