**UNITED STATES of America,**

v.

**Wael RAFEH, Defendant.**

**No. CRIM.A. 97–453–1.**

United States District Court,
E.D. Pennsylvania.

Aug. 1, 2003.

---

M. Taylor Aspinwall, Esquire, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Gerald Stein, Esquire, Philadelphia, PA, for Defendants.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On September 30, 1997, defendant Wael Rafeh pled guilty to one count of conspiracy to distribute cocaine, one count of fraudulent cloning of cellular phones, and two counts of filing false income tax returns. On October 22, 1999, this court sentenced Mr. Rafeh to time served followed by five years of supervised release and ordered him to pay the $250.00 special assessment. Defendant began his current term of supervised release on October 22, 1999.

Now before the court is a Petition for Revocation of Supervised Release prepared by the Supervised release Office on July 15, 2003. Upon consideration of the submissions of the parties, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. A special condition of defendant's supervised release was that he not possess a firearm.

2. On July 7, 2003, defendant was arrested by the Philadelphia Police Department and charged with aggravated assault, carrying a firearm without a license, possessing an instrument of crime, simple assault, recklessly endangering another person, and terroristic threats.[1] These charges arise from a dispute with a customer at defendant's store, during which defendant displayed an automatic weapon.

---

1. At a preliminary hearing held July 11, 2003, Senior Municipal Court Judge Francis Cosgrove dismissed the charges of aggravated and simple assault, carrying a firearm without a license, and recklessly endangering another person.

3. After the July 7, 2003 incident, the Philadelphia Police seized from defendant a 9 mm Taurus automatic handgun loaded with five live rounds. Defendant admitted to the Probation Office that he retrieved a gun from a file cabinet at the store during the dispute with the customer. Defendant stated that his brother-in-law owned the gun.

### Conclusions of Law

■ 1. Revocation of supervised release is governed by the provisions of 18 U.S.C. § 3583(e). In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to deter the defendant and others, protect the public, and rehabilitate the defendant. *See* 18 U.S.C. § 3553(a). The court should also consider the kinds of sentences established for the offense, relevant policy statements, and the need to avoid unwarranted sentence disparities among defendants with similar records. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may, *inter alia*, continue him on supervised release; extend the term of supervised release, or modify or enlarge its conditions; or revoke supervised release. *See* 18 U.S.C. § 3583(e).

■ 3. Chapter Seven of the U.S. Sentencing Guidelines also applies to supervised release in this case. The Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory. These policy statements are only one factor the court shall consider in addressing modification of supervised release. *See United States v. Schwegel,* 126 F.3d 551 (3d Cir.1997) (holding that super-vised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

4. The Supervised release Office's petition and evidence presented at the hearing established by a preponderance of the evidence that defendant has committed the following violation of supervised release: defendant violated the condition that he not possess a firearm, constituting a Grade B violation. *See* U.S.S.G. § 7B1.1(a)(3).

5. According to the Guidelines, the court may, upon a finding of a Grade B violation the court shall revoke probation or supervised release. *Id.* § 7B1.3(a)(1).

6. Under the Sentencing Guidelines, the recommended range of imprisonment is 4 to 10 months, as Mr. Rafeh's criminal history category is I and he has committed a Grade B violation. *See id.* § 7B1.4(a).

7. Because the minimum term of imprisonment in this range is at least one month, but not longer than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. *See id.* § 7B1.3(c)(1).

8. The statutory maximum term of imprisonment upon revocation is five years, as Mr. Rafeh's original offense was a Class A felony. *See* 18 U.S.C. § 3583(e)(3).

9. If a term of imprisonment is imposed, a term of supervised release is not required, but the court may impose a term of supervised release of not more than one year. *See* U.S.S.G. § 7B1.3(g)(1) (where supervised release is revoked and term of imprisonment is imposed, U.S.S.G. §§ 5D1.1–1.3 shall apply); *id.* § 5D1.1(b) (where a sentence of imprisonment is not more than one year, court may order a

term of supervised release to follow imprisonment).

■ 10. Upon consideration of 18 U.S.C. § 3553(a), the court revokes defendant's. supervised release and imposes a sentence of four months.[2] The court does not impose a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

## ORDER

**AND NOW**, this 1st day of August, 2003, upon consideration of the Petition for Revocation of Supervised Release, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. Defendant's supervised release is REVOKED;

2. Defendant is committed to the custody of the Bureau of Prisons for a term of four (4) months; and

3. There shall be no term of supervised release after defendant's release from imprisonment.

---

**2.** This court informed defendant of his right to appeal this sentence and of his right to allocution at the revocation hearing. Informing a defendant of his right to appeal a sentence imposed upon revocation of supervised release is discretionary. Although courts in this district have not addressed this issue, courts in other districts have found that Federal Rule of Criminal Procedure 32 does not require a court to notify a defendant of his right to appeal in this situation. *See, e.g., United States v. Allgood,* 48 F.Supp.2d 554, 560–61 (E.D.Va.1999). The Circuit Courts have not agreed as to whether a defendant must be notified of his right to allocution at a hearing for revocation of supervised release or supervised release. *See U.S. v. Ramon,* 310 F.3d 317, 320 (5th Cir.2002) (notice of right

of allocution is required before imposing a sentence upon revocation of supervised release); *United States v. Patterson,* 128 F.3d 1259, 1261 (8th Cir.1997) (same); *United States v. Allen,* 157 F.3d 661 (9th Cir.1998) (same); *United States v. Waters,* 158 F.3d 933 (6th Cir.1998) (no right to allocution in supervised release revocation hearing); *United States v. Frazier,* 283 F.3d 1242 (11th Cir. 2002) (same). Given that the right of allocution is an important procedural guarantee for criminal defendants, *see United States v. Faulks,* 201 F.3d 208, 211–12 (3d Cir.2000), this court finds that notifying defendants of their right to speak on their behalf is prudent before imposing a sentence upon revocation of supervised release.