**UNITED STATES of America,**

v.

**Rayvon TYLER, Defendant.**

**No. Crim.A. 99–57–3.**

United States District Court, E.D. Pennsylvania.

May 18, 2000.

---

Louis D. Lappen, U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

Federal Defenders Association, Philadelphia, PA, for defendant.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

On November 8, 1995, Rayvon Tyler was sentenced to five years of imprisonment to be followed by five years of supervised release for conspiracy to distribute and to possess with intent to distribute cocaine base.[1] On March 7, 2000, the Probation Office submitted a petition for revocation of supervised release; on May 2, 2000, the Probation Office supplemented that petition.

*Findings of Fact*

1. A condition of the defendant's supervised release is that he not purchase, possess, use, distribute, or administer any controlled substances except as prescribed by a physician.

2. The defendant tested positive for marijuana on January 4, 2000; March 9, 2000; and April 18, 2000.[2]

---

1. The Honorable Joseph H. Rodriguez, United States District Judge for the District of New Jersey, imposed sentence. On February 1, 1999, the case was transferred to this court.

2. The defendant tested positive on several other occasions in 2000. However, as recommended by the Probation Office, the court considers only these dates in acknowledgment of the fact that marijuana may be stored in the body for approximately thirty days after

3. A special condition of the defendant's supervised release is that he submit to drug treatment on an in- or outpatient basis as directed by the Probation Office.

4. On December 10, 1999, the defendant began individual outpatient therapy at the Wedge Medical Center. He failed to report on December 10, 1999; December 17, 1999; and December 23, 1999.

5. In December 1999, the court modified the terms of supervised release to commit the defendant to a community correctional center for ninety days for treatment of his continued marijuana use. *See* Order of December 28, 1999.

6. On January 25, 2000, he arrived at the Kintock Group to serve that ninety-day term. The Probation Office received two incident reports regarding his compliance with the program. The first report stemmed from a February 18, 2000, incident in which Mr. Tyler violated his curfew by failing to return to the facility by 2:00 p.m. following work. He left his place of employment at approximately noon, stating that he would either return to the Kintock Group or go to the emergency room. He did not report to the emergency room and did not return to the correctional facility until 6:45 p.m. He provided no verification for his whereabouts during the afternoon and early evening, although he stated that, unbeknownst to his employer, he was lying down at work.

The second report resulted from the defendant's failure to perform a work assignment on February 20, 2000. The residential supervisor at Kintock, Todd Brown, told Mr. Tyler to help another resident with a work assignment. Mr. Tyler refused to do so. On February 22, 2000, the director of Kintock, Anastasios Velarides, called the Probation Office and reported that incident. Mr. Velarides also informed the Probation Office that Mr. Tyler would be discharged immediately from the pro-

gram for failing to perform work assignments and for violating curfew.

*Conclusions of Law*

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). *See* 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish, deter, incapacitate, and rehabilitate. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may alter the terms of supervised release. The court may release and discharge the defendant, revoke supervised release, or order electronic monitoring. *See* 18 U.S.C. § 3583(e)(1)–(4).

3. The government established by a preponderance of evidence that the defendant committed three violations of supervised release, and the defendant stipulated to these violations.

4. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel*, 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

5. Under the Sentencing Guidelines, the defendant committed three Grade C violations by violating the terms of his super-

use. Nor has the court considered the dates on which the defendant tested positive for marijuana use in 1999 that led to the ninety-

day sentence in a community corrections facility, *see* Order of Jan. 3, 2000, as described subsequently.

vised release. *See id.* § 7B1.1(a)(3). As the defendant's criminal history category is II, the recommended range is four to ten months imprisonment, should the court choose to revoke supervised release rather than modify its terms.

6. The court will revoke supervised release and impose a sentence of six months. There is no doubt that treatment of drug abuse can be a prolonged process in which lapses are likely to occur. However, the defendant's repeated failure to comply with the terms of release indicates that continued modification of supervised release would be ineffective, particularly as the Probation Office tried many different alternatives before recommending revocation. Although the court is not required to follow the guideline recommendations, a sentence in the lower half of that range appropriately reflects the seriousness of the defendant's actions but does not overstate the magnitude of his error. The court will not impose a further term of supervised release following the conclusion of this sentence.