**UNITED STATES of America,**
**Plaintiff,**

v.

**Eric BELL, Defendant.**

**No. CR. A. 98–509–1.**

United States District Court,
E.D. Pennsylvania.

Nov. 14, 2001.

---

**488**

Joseph G. Poluka, Esquire, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Stephen G. Laver, Esquire, Philadelphia, PA, for Defendant.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On November 3, 1998, Eric Bell pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. On January 28, 1999, this court imposed a sentence of 27 months of imprisonment consecutive to the defendant's state sentence, followed by five years of supervised release, and ordered restitution to be paid in the amount of $57,800.88. Mr. Bell's supervised release commenced on February 9, 2001. On April 12, 2001, this court set a schedule for the defendant to make monthly payments of $20.00 towards his outstanding restitution balance. On April 18, 2001, this court ordered that the defendant provide his probation officer with access to certain financial information and that he not open new lines of credit or make any new credit charges unless approved by the Probation Office. On July 26, 2001, this court tolled defendant's supervision effective June 4, 2001 until August 2, 2001 because defendant was detained on a violation of state parole.

Now before the court is a petition for modification of supervised release submitted by the Probation Office on October 25, 2001. Upon consideration of the submissions of the government attorney and the Probation Office, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. A general condition of defendant's supervised release as imposed on January 28, 1999 was that he refrain from any unlawful use of a controlled substance.

2. A special condition of defendant's supervised release as imposed on January 28, 1999 was that defendant participate in a program of testing and treatment for drug and alcohol abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer.

3. Urinalysis specimens obtained from the defendant tested positive for the presence of marijuana on October 2, 2001; October 9, 2001; October 16, 2001; and October 23, 2001.

4. Another general condition of defendant's supervised release as imposed on January 28, 1999 was that he work regularly at a lawful occupation unless excused

by the probation officer for schooling, training, or other acceptable reasons.

5. On September 27, 2001, defendant began part-time work at a restaurant. However, defendant has failed to obtain legitimate full-time employment at any time during his supervision.

### Conclusions of Law

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining a modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). *See* 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish, deter, protect the public, and rehabilitate. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may, *inter alia,* terminate, extend, modify, or revoke supervised release, or order home confinement. *See* 18 U.S.C. § 3583(e).

█ 3. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel,* 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

█ 4. The Probation Office's petition, as well as evidence presented at the hearing, established by a preponderance of the evidence that defendant has violated several conditions of his supervised release. Each such violation constitutes a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3). Taken together, these violations constitute a Grade C violation pursuant to U.S.S.G. § 7B1.1(b).

5. The court may, upon a finding of a Grade C violation, revoke supervised release, extend the term of supervised release, and/or modify the conditions of supervision. *Id.* at § 7B1.3(a)(2).

6. Should the court choose to revoke supervised release rather than modify its terms, under the Sentencing Guidelines, the recommended range of imprisonment is eight to 14 months imprisonment, as Mr. Bell's criminal history category is VI and his supervised released violation is a Grade C violation. *See id.* § 7B1.4. The statutory maximum term of imprisonment upon revocation is three years, as Mr. Bell's original offense was a Class B felony. *See* U.S.C. § 3583(e)(3).

7. Upon consideration of 18 U.S.C. § 3553(a), the court modifies the defendant's supervised release in that defendant shall serve a term of four months at a Community Treatment Center as soon as a bed date becomes available. The court does not impose a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

### ORDER

**AND NOW,** this 14th day of November, 2001, it is hereby **ORDERED** that defendant shall serve a term of four months at a Community Treatment Center as soon as a bed date becomes available. No further supervised release is imposed.