UNITED STATES of America,

v.

Steven EVANS, Defendant.

Criminal Action No. 98–560–1.

United States District Court,
E.D. Pennsylvania.

June 27, 2002.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On December 7, 1998, Steven Evans pled guilty to conspiracy to commit credit card fraud, credit card fraud and receipt of stolen mail in violation of 18 U.S.C. §§ 1029(b)(2); 1029(a)(2) and (b)(1); 1708; and 2. On October 11, 2000, this court imposed a sentence of time served followed by five years of supervised release. Mr. Evans' supervised release commenced on October 11, 2000. This court also ordered the defendant to pay restitution in the amount of $6384.74 in such terms as the probation office determined. Now before the court is a petition for revocation of supervised release submitted by the Probation Office on April 23, 2002. Upon consideration the government's submission, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. A general condition of defendant's supervised release as imposed on October 11, 2000, was that he pay $1,000 special assessment immediately.

2. Mr. Evans has paid only $650.00 of the $1,000 special assessment and owes $350.00.

3. A standard condition of defendant's supervised release as imposed on October 11, 2000, was that the defendant shall report to the probation officer as directed by the Court or probation officer; and shall submit a truthful and complete written report within the first five days of each month.

4. Mr. Evans failed to report for scheduled office/urinalysis appointments on December 12, 2000, February 6, 2001, March 6, 2001, April 10, 2001, April 24, 2001, November 21, 2001, December 19, 2001, February 20, 2002. Mr. Evans failed to submit monthly written reports for the months of May, 2001, February, March, April, and May, 2002.

5. A standard condition of Mr. Evans' supervised release as imposed on October 11, 2000, was that defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

6. On March 27, 2002, Probation Officer Morrow learned of the warrant for the defendant's arrest issued by the Lansdowne Police Department. On April 8, 2002, the Probation Office left a telephone message at 3:00 pm at the defendant's sister's residence that the defendant was to call his probation officer on April 9, 2002, until he reached the officer personally. On April 8, 2002, at 3:12 pm, the defendant left a voice mail message for Probation Officer Morrow stating that he would turn himself in on April 9, 2002. The defendant failed to call Probation Officer Morrow as directed on April 9, 2002. On April 9, 2002, the defendant also failed

to surrender on the warrant issued by the Lansdowne Police Department.

7. A special condition of defendant's supervised release as imposed October 11, 2000, was that the defendant shall pay restitution in the amount of $6,384.74 in such terms as the Probation Office determines from time to time, subject to the approval of the court.

8. On October 17, 2000, defendant signed an acknowledgment agreeing to pay $126.00 per month toward his outstanding assessment and restitution. On April 26, 2001, the court ordered the defendant to pay $120.00 per month on the outstanding assessment and restitution. The defendant failed to make scheduled payments on the assessment and restitution in November and December 2000, January, March, July, October, November and December 2001 and January, February, March, and April 2002. The defendant was employed at these times and had the means to make "good faith" payments.

### Conclusions of Law

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). *See* 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish, deter, protect the public, and rehabilitate. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may, *inter alia*, terminate supervised release and discharge the defendant, revoke supervised release, or order home confine-ment, with or without electronic monitoring. *See* 18 U.S.C. § 3583(e)(1), (3), (4).

3. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel,* 126 F.3d 551 (3d Cir. 1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

4. The Probation Office's petition, as well as evidence presented at the hearing, established by a preponderance of the evidence that defendant has violated several conditions of his supervised release. Specifically, the defendant committed several Grade C violations pursuant to U.S.S.G. § 7B1.1(a)(3), namely, failing to pay the special assessment immediately, failing to report for scheduled office visits and urinalysis tests, failing to notify the probation office within ten days of any change in residence, failing to submit truthful monthly reports to the probation office, failing to answer truthfully all probation office inquiries, and failing to pay restitution as scheduled by the probation office.

5. Taken together, this conduct constitutes a Grade C violation pursuant to U.S.S.G. § 7B1.1(b).

6. The court may, upon a finding of a Grade C violation, revoke supervised release, extend the term of supervised release, and/or modify the conditions of supervision. *Id.* at § 7B1.3(a)(2).

7. Under the Sentencing Guidelines, the recommended range of imprisonment is four to ten months imprisonment, as Mr. Evans criminal history category is II and his supervised released violation is a Grade C violation. *See id.* § 7B1.4. The statuto-

ry maximum term of imprisonment upon revocation is two years, as Mr. Evans' original offense was a Class C felony. *See* 18 U.S.C. § 3583(e)(3).

8. Upon consideration of 18 U.S.C. § 3553(a), the court revokes the defendant's supervised release and imposes a sentence of 6 months. The defendant's repeated failure to comply with the terms of release indicates that continuation of supervised release would be ineffective. The court does not impose a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

### ORDER

**AND NOW,** this 27th day of June, 2002, upon consideration of the Petition for Revocation of Probation, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. The defendant's supervised release is **REVOKED.** The defendant is remanded to the custody of the United States Marshall;

2. The defendant is committed to the custody of the Bureau of Prisons for a term of six (6) months; and

3. There shall be no further supervised release after defendant's release from imprisonment.