**UNITED STATES of America,**

v.

**Jeffrey A. NELSON, Defendant.**

**No. CR.A. 01–655–1.**

United States District Court,
E.D. Pennsylvania.

Sept. 18, 2002.

William B. Carr, Jr., U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Elizabeth T. Hey, Federal Defenders Ass'n, Philadelphia, PA, for Defendant.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On September 19, 1995, Jeffrey A. Nelson pleaded guilty to unauthorized use of access devices in violation of 18 U.S.C. § 1029(a)(2). The Honorable Robert Vinson of the Northern District of Florida imposed a sentence of 31 months imprisonment, plus 6 consecutive months imprisonment for failure to appear, followed by 3 years of supervised release. Mr. Nelson's supervised release commenced on February 20, 1998. In October of 2001, the Florida Probation Office sought revocation of Mr. Nelson's supervised release. Jurisdiction was transferred to this district on October 29, 2001. Now before the court is an amended petition for revocation of probation dated November 16, 2001. Upon consideration of the submissions of the parties, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. As standard conditions of the defendant's supervised release imposed on September 19, 1995, the defendant was required to submit monthly reports, maintain regular employment, and notify of the Probation Office of any change in residence.

2. As special conditions of the defendant's supervised release imposed September 19, 1995, the defendant was required to pay restitution and participate in a mental health treatment program.

3. The defendant's supervised release began on February 20, 1998. On November 19, 1998, the District Court for the Northern District of Florida issued a warrant charging the defendant with violation of supervised release.

4. At a hearing on February 17, 2000, the defendant was found guilty of failures to submit monthly reports, work regularly at a lawful occupation, notify the Probation Office of a change in residence, pay restitution, and participate in a mental health treatment program. The defendant's supervised release was revoked and he was sentenced to 18 months imprisonment for five Grade C violations.

5. The defendant was released on March 2, 2001 to serve his remaining 27 months of supervised release, with all of the conditions in place.

6. A general condition of the defendant's supervised release was that he not commit another federal, state or local crime.

7. On September 14, 2001, the defendant was charged with theft by deception, receiving stolen property, and worthless checks in Bucks County, Pennsylvania.

8. On January 15, 2002, in Bucks County Common Pleas Court, the defendant was convicted by guilty plea of theft, a third degree felony. The defendant was sentenced to a 3-year term of probation.

9. On September 19, 2001, the defendant was arrested in Montgomery County, Pennsylvania for charges relating to the deposit of a fraudulent check.

10. On August 15, 2002, in Montgomery County Common Pleas Court, the defendant was convicted by guilty plea of passing a worthless check, a first degree misdemeanor. The defendant was sentenced to a 3-year term of probation and ordered to pay restitution.

11. The offenses for which the defendant was sentenced on January 15, 2002 and August 15, 2002 took place during his period of federal supervised release. The defendant's term of supervised release began March 2, 2001 and was scheduled to terminate June 1, 2003.

### Conclusions of Law

1. Revocation of probation is governed by the provisions of 18 U.S.C. § 3565. In determining the modification of probation, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). *See* 18 U.S.C. § 3565(a). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish the defendant, deter the defendant and others, protect the public, and rehabilitate the defendant. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may continue him on probation, with or without extending the term or modifying or enlarging conditions, or revoke probation. *See* 18 U.S.C. § 3565.

3. The Sentencing Guidelines' treatment of revocation of probation is advisory rather than mandatory, and these policy statements are only one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel,* 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

4. The Probation Office's petition and the hearing established by a preponderance of the evidence that the defendant has committed two Grade B violations of his probation. The defendant violated the condition that he not commit another federal, state or local offense. *See* U.S.S.G. § 7B1.1(a)(2); *see also id.* at cmt. n. 1.

5. This conduct constitutes a Grade B violation pursuant to U.S.S.G. § 7B1.1(b).

6. According to the Guidelines, the court shall, upon a finding of a Grade B violation, revoke supervised release. *Id.* at § 7B1.3(a)(1).

7. Under the Sentencing Guidelines, the recommended range of imprisonment is 21 to 27 months, as the defendant's criminal history category is VI and he has committed a Grade B violation of probation. *See id.* at § 7B1.4.

8. The statutory maximum term of imprisonment upon revocation is two years, as the defendant's original offense was a Class D felony. *See* 18 U.S.C. § 3583(e)(3).

9. Where probation is revoked and term of imprisonment is imposed, U.S.S.G. §§ 5D1.1–1.3 shall apply. *See* U.S.S.G. § 7B1.3(g)(1). The court shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed or required by statute. *See* U.S.S.G. § 5D1.1. The court may, however, depart from this instruction if supervised release is not required to protect the public welfare or serve other sentencing goals. *See id.* at cmt. n. 1.

10. Upon consideration of 18 U.S.C. § 3553(a), the court revokes the defendant's supervised release and imposes a sentence of 24 months. The defendant had eight criminal convictions prior to committing the two recent offenses in Pennsylvania, which were committed during supervised release. The defendant has received the maximum term of imprisonment upon revocation of probation for a Class D felony conviction.

11. The court finds that no sentencing purpose would be served by imposing a term of supervised release following this imprisonment. The court does not impose

a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

## ORDER

AND NOW, this 18th day of September, 2002, upon consideration of the Petition for Revocation of Probation, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. The defendant's supervised release is **REVOKED**;
2. The defendant is committed to the custody of the Bureau of Prisons for a term of 24 months; and
3. There shall be no term of supervised release after the defendant's release from imprisonment.