**UNITED STATES of America**

v.

**Gary SEGARS, Defendant.**

**Criminal Action No. 00–27.**

United States District Court,
E.D. Pennsylvania.

Oct. 3, 2002.

William B. Carr, Jr., U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Leigh Skipper, Federal Defenders Ass'n, Philadelphia, PA, for Defendant.

### MEMORANDUM & ORDER

Katz, Senior District Judge.

On March 7, 2000, Gary Segars pled guilty to Interference with Interstate Commerce by Robbery in violation of 18 U.S.C. § 1951. On June 26, 2001, this court imposed a sentence of 36 months imprisonment followed by 3 years of supervised release. Mr. Segars' supervised release commenced on October 23, 2001. Now before the court is a Petition for Revocation prepared by the Probation Office on August 21, 2002. Upon consideration of the submissions of the parties, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. A standard condition of defendant's supervised release was that he not leave the judicial district without permission of the court or probation officer. Mr. Segars had been released to the District of New Jersey for supervision, although jurisdiction remained with this court.

2. Mr. Segars admitted to his probation officer on June 18, 2002 that he was in Philadelphia, Pennsylvania, without permission.

3. Another standard condition of defendant's supervised release was that he report to his probation officer as directed and submit a written report within the first five days of each month.

4. Mr. Segars failed to report to the U.S. Probation Office as instructed on April 15, 2002 and April 22, 2002. Mr. Segars failed to contact his Probation Officer as instructed on June 13, 2002 concerning his halfway house placement.

5. Another standard condition of defendant's supervised release was that he refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

6. Mr. Segars was placed in an outpatient drug treatment program at Atlantic Behavioral Health in Atlantic City, New Jersey on October 23, 2001, but on December 1, 2001, Mr. Segars tested positive for cocaine and alcohol use. During a February 2002 meeting with his Probation Officer, Mr. Segars admitted to ongoing use of illegal drugs. On June 12, 2002, Mr. Segars again tested positive for cocaine use in a urinalysis test administered as part of his Probation Office visit.

7. A special condition of defendant's supervised release was that he participate in a program of testing for drug and alcohol abuse, as directed by the probation officer, until such time as he is released from the program by his probation officer.

8. As directed by his Probation Officer, Mr. Segars entered an inpatient drug treatment program at The Institute for Human Development in Atlantic City, New Jersey on March 21, 2002. Mr. Segars did not comply with several program rules and left against medical advice.

9. Another special condition of his supervised release was that he pay a special assessment of $100.00 due immediately.

10. Mr. Segars has failed to complete payment of the special assessment. He last submitted a payment of $20.00 on May 2, 2002; the remaining balance is $40.00.

11. Another special condition of defendant's supervised release was that he pay restitution in the amount of $225.00.

12. Mr. Segars has not yet made any payments for restitution. The account is in default.

### Conclusions of Law

1. Revocation of probation is governed by the provisions of 18 U.S.C. § 3565. In determining the modification of probation, the court is to consider the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3565(a). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish the defendant, deter the defendant and others, protect the public, and rehabilitate the defendant. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may continue him on probation, with or without

extending the term or modifying or enlarging conditions, or revoke probation. *See* 18 U.S.C. § 3565.

3. The Sentencing Guidelines' treatment of revocation of probation is advisory rather than mandatory and these policy statements are only one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel*, 126 F.3d 551 (3d Cir. 1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

4. The Probation Office's petition and the hearing established by a preponderance of the evidence that defendant has violated six (6) conditions of his supervised release. The defendant violated the conditions that he not leave the judicial district of New Jersey without permission, report to his Probation Officer each month, not use illegal drugs, participate in a drug testing and treatment program, and pay a special assessment and restitution. Each incident constitutes a Grade C violation of supervised release. *See* U.S.S.G § 7B1.1(a)(3).

5. According to the Guidelines, the court may, upon a finding of a Grade C violation, revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. *Id.* at § 7B1.3(a)(2).

6. Under the Sentencing Guidelines, the recommended range of imprisonment is 7 to 13 months imprisonment, as Mr. Segars' criminal history category is 5 and he has committed a Grade C violation of supervised release. *See id.* § 7B1.4.

7. The statutory maximum term of imprisonment upon revocation is 2 years, as Mr. Segars' original offense was a Class C Felony. *See* 18 U.S.C. § 3583(e)(3).

8. If a term of imprisonment is imposed, a term of supervised release may be imposed but is not required. *See* U.S.S.G.

§ 7B1.3(g)(1) (where probation is revoked and term of imprisonment is imposed, U.S.S.G. §§ 5D1.1–1.3 shall apply); U.S.S.G. § 5D1.1(b) (where a sentence of imprisonment is not more than one year, court may order a term of supervised release to follow imprisonment).

9. Upon consideration of 18 U.S.C. § 3553(a), the court revokes the defendant's supervised release and imposes a sentence of 7 months. The court does not impose a further term of supervised release following the conclusion of this sentence.