**UNITED STATES of America**

**v.**

**Jesse BIBBS, Defendant.**

**No. CR.A. 01–319–1.**

United States District Court,
E.D. Pennsylvania.

March 21, 2003.

M. Taylor Aspinwall, Esquire, U.S. Attorney's Office, Philadelphia, PA, for Plaintiffs.

William J. Brennan, Philadelphia, PA, for Defendants.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On October 13, 1999, Jesse Bibbs pleaded guilty to failure to surrender counterfeit obligations in violation of 18 U.S.C. § 492. On January 20, 2000, the Honorable Theodore H. Katz of the United States District Court for the Southern District of New York imposed a sentence of three years of probation. Mr. Bibbs' pro-

bation commenced on January 20, 2000. Supervision was transferred to this district on June 12, 2001. Now before the court is a petition for revocation of probation prepared by the Probation Office on March 20, 2002. Upon consideration of the submissions of the parties, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. A general condition of the defendant's probation was that he not commit another federal, state or local crime.

2. Another general condition of the defendant's probation was that he not leave the Eastern District of Pennsylvania without permission of the court or the Probation Office.

3. On April 14, 2001, the defendant was arrested in Albany County, New York.

4. At the time of his arrest in New York, the defendant did not have permission from this court or the Probation Office to leave the Eastern District of Pennsylvania.

5. On October 31, 2001, in the State of New York County Court in Albany, the defendant was convicted by guilty plea of attempted possession of a forged instrument, in violation of New York state laws. Defendant was subsequently sentenced to 16 to 36 months' imprisonment by the Honorable Joseph C. Teresi in the State Court of New York County Court in Albany.

6. The New York state counterfeiting offense for which defendant was arrested on April 14, 2001 took place during his period of probation.

### Conclusions of Law

1. Revocation of probation is governed by the provisions of 18 U.S.C. § 3565. In determining the modification of probation, the court is to consider the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3565(a). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish the defendant, deter the defendant and others, protect the public, and rehabilitate the defendant. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may continue him on probation, with or without extending the term or modifying or enlarging conditions, or revoke probation. *See* 18 U.S.C. § 3565.

3. The Sentencing Guidelines' treatment of revocation of probation is advisory rather than mandatory, and these policy statements are only one of the factors the court shall consider in addressing modification. *See United States v. Schwegel*, 126 F.3d 551 (3d Cir.1997) (holding that supervised release and probation provisions remained advisory after amendments to 18 U.S.C. § 3583).

4. The Probation Office's petition and the hearing established by a preponderance of the evidence that defendant has violated two conditions of his probation. The defendant violated the condition that he not commit another federal, state or local offense, constituting a Grade B violation. *See* U.S.S.G. § 7B1.1(a)(2); *see also id.* at cmt. n. 1. The defendant also violated the condition that he not travel outside the jurisdiction without permission, constituting a Grade C violation. *See id.* § 7B1.1(a)(3). Taken together, these violations constitute a Grade B violation pursuant to U.S.S.G. § 7B1.1(b).

 5. According to the Guidelines, the court shall, upon a finding of a Grade B violation, revoke probation. *Id.* § 7B1.3(a)(1).

6. Under the Sentencing Guidelines, the recommended range of imprisonment is four to ten months' imprisonment, as Mr. Bibbs' criminal history category is I and his probation violation is a Grade B violation. *See id.* § 7B1.4(a). Furthermore, pursuant to U.S.S.G. § 7B1.3(c)(1), since the minimum term of imprisonment under section 7B1.4(a) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

7. The statutory maximum term of imprisonment upon revocation is one year, as Mr. Bibbs' original offense was a misdemeanor. *See* 18 U.S.C. § 3583(e)(3).

8. If a term of imprisonment is imposed, a term of supervised release is not required, but the court may impose a term of supervised release of not more than one year. *See* U.S.S.G. § 7B1.3(g)(1) (where probation is revoked and term of imprisonment is imposed, U.S.S.G. §§ 5D1.1–1.3 shall apply); *id.* § 5D1.1(b) (where a sentence of imprisonment is not more than one year, court may order a term of supervised release to follow imprisonment); *id.* § 5D1.2(3); 18 U.S.C. § 3583(b)(3) (authorizing a term of supervised release not more than one year for a misdemeanor).

9. Upon consideration of 18 U.S.C. § 3553(a), the court revokes the defendant's probation and imposes a sentence of 4 months. The court does not impose a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

### ORDER

**AND NOW**, this 21st day of March, 2003, upon consideration of the Petition for Revocation of Probation, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. The defendant's probation is **REVOKED**;

2. The defendant is committed to the custody of the Bureau of Prisons for a term of 4 months; and

3. There shall be no term of supervised release after the defendant's release from imprisonment.