## UNITED STATES OF AMERICA

v.

### Tyson LEACH, Defendant.

### No. CRIM.A. 97–67.

United States District Court,
E.D. Pennsylvania.

Nov. 4, 2005.

Virgil B. Walker, U.S. Attorney's Office, Philadelphia, PA, for United States of America.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On January 18, 2002, Tyson Leach was sentenced to sixty (60) months imprisonment, including time served, followed by three years of supervised release for possession of counterfeit United States currency.[1] Defendant additionally was ordered to observe all rules specified by the Probation Office and follow the Special Conditions set forth at the time of sentencing. Defendant commenced supervised release on May 23, 2002. On April 9, 2003, this court modified Defendant's Special Conditions by ordering Defendant to serve a term of one hundred and twenty (120) days on home confinement. On September 26, 2003, this court modified Defendant's Special Conditions further to include seventy-five (75) days at the community treatment center. On May 20, 2005, this court revoked Defendant's supervised release and ordered him to serve one day custody of the U.S. Marshal, with four months of supervised release to follow.[2] Defendant was also ordered to report to a community treatment center for ninety (90) days, as soon as a bed became available.[3] Now before the court is a Petition for Revocation initially prepared by the Probation Office on August 25, 2005.[4] Upon consideration of the submissions of the Government attorney and the Probation Office, and after a hearing, the court makes the following finds of fact and conclusions of law.

*Findings of Fact*

1. A standard condition of Defendant's supervised release as of January 18, 2002 was that he refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or paraphernalia related to such substances except as prescribed by a physician.

2. Defendant submitted positive urine samples for illicit opiate drugs on June 16, 2005, June 29, 2005, July 6, 2006 and August 8, 2005.[5]

3. A special condition of Defendant's supervised release as of May 18, 2005 was that he complete placement at a community treatment center for ninety (90) days.

4. On June 28, 2005, Defendant was admitted to the Kintock Group Community Treatment Center in Philadelphia, PA.

---

1. On January 19, 1999, this court initially sentenced Defendant to ninety-two (92) months imprisonment followed by three years supervised release. His sentence was modified by this court on January 18, 2002 pursuant to the Government's Motion for Reduction of Sentence under Fed.R.Crim.P. 35(b).

2. The court's order of May 20, 2005 clarified a previous order issued May 18, 2005. As a result, Defendant's four-month supervised release term commenced on May 18, 2005, after having served one day custody of the U.S. Marshal.

3. Defendant began his 90–day treatment on June 28, 2005. His supervised release was scheduled to terminate on September 17, 2005.

4. The Probation Office also submitted further factual clarification in a November 1, 2005 letter and November 2, 2005 letter.

5. During a Probation Office appointment on August 25, 2005, Defendant admitted to illicit drug use on or about June 16, 2005 and June 29, 2005 but contested the positive results from July 6, 2005 and August 8, 2005.

5. On August 19, 2005, Defendant was terminated from said facility for his illicit drug use.

*Conclusions of Law*

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). *See* 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of Defendant; and the need for the sentence to punish, deter, incapacitate, and rehabilitate. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that Defendant has committed the violations alleged, the court may alter the terms of supervised release. The court may release and discharge Defendant, revoke supervised release, or order electronic monitoring. *See* 18 U.S.C. § 3583(e)(1)-(4).

3. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel*, 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

4. The government established by a preponderance of the evidence that the violations of the standard condition above are Grade C violations. *See id.* § 7B1.1(a)(3). Should the court choose to revoke supervised release rather than modify its terms, the recommended range is eight (8) to fourteen (14) months imprisonment, as Defendant's criminal history category is VI. The statutory maximum term of imprisonment upon revocation is two years, as Defendant's original offense was a Class C felony. *See* 18 U.S.C. § 3583(e)(3).

5. In addition, 18 U.S.C. § 3583(g) provides that if Defendant possesses a controlled substance in violation of his conditions of supervised release, as set forth above, the court shall revoke the term of supervised release and require him to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized by 18 U.S.C. § 3583(e)(3).

6. Upon consideration of 18 U.S.C. § 3553(a), the court revokes Defendant's supervised release and imposes a sentence of eight (8) months. Defendant's repeated failure to comply with the terms of release indicates that continued modification of supervised release would be ineffective. Although the court is not required to follow the guideline recommendations, a sentence in the lower half of that range appropriately reflects the seriousness of Defendant's actions but does not overstate the magnitude of his error. The court does not impose a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

### ORDER

**AND NOW**, this 4th day of November, 2005, upon consideration of the Petition for Revocation of Supervised Release, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. Defendant's supervised release is **REVOKED**. Defendant shall report to

the institution designated by the Bureau of Prisons by 2:00 p.m. on November 18, 2005.

2   Defendant is committed to the custody of the United States Bureau of Prisons for a term of eight (8) months;  and

3.   There shall be no further supervised release after Defendant's release from imprisonment.