**UNITED STATES of America**

v.

**Steven BRIGHTFUL, Defendant.**

**No. CRIM.A. 91–72–1.**

United States District Court,
E.D. Pennsylvania.

Aug. 15, 2006.

Francis C. Barbieri, Esquire, United States Attorney's Office, Philadelphia, PA, for Plaintiffs.

Felicia Sarner, Esquire, Federal Defender Association, Philadelphia, PA, for Defendants.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

On December 13, 1991, Defendant was found guilty being a felon in possession of a firearm. On May 18, 1992, this court imposed a sentence of fifteen years imprisonment followed by five years of supervised release. Now before the court is a Petition for revocation action prepared on June 20, 2005, and subsequently amended on June 28, 2005, August 23, 2005, and February 2, 2006. Upon consideration of the submissions of the parties, and after a hearing, the court makes the following findings of facts and conclusion of law.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

1. On the 18th day of May, 1992, the defendant was sentenced to 15 years incarceration followed by five years of supervised release. The defendant additionally was ordered to observe all rules specified by the Probation Department.

2. On the 16th day of December, 2003, the defendant commenced supervision by the Probation Office.

3. The defendant has violated the following terms and conditions of his supervised release:

(a) *General Condition:* The defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance.

The defendant has violated this general condition of supervised release by his arrest, on January 12, 2005, and subsequent conviction for disorderly conduct and obstructing the highway, for which he was sentenced on July 6, 2006 to three to 12 months incarceration by the Philadelphia Court of Common Pleas.

The defendant has also violated this general condition of supervised release by his arrest, on July 18, 2005, and subsequent conviction for possession of drug paraphernalia and resisting arrest for which he was sentenced on July 27, 2006 to a period of two years probation by the Philadelphia Municipal Court.

(b) *Standard Condition # 2:* The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five (5) days of each month.

The defendant has violated this term of supervised release by failing to report to the Probation Office on seven occasions between December 28, 2004 and February

22, 2005 and by not reporting between March 7, 2005 and June 20, 2005.

(c) *Standard Condition # 6:* The defendant shall notify the probation officer within ten (10) days of any change in residence or employment.

The defendant violated this condition of supervised release by not informing the probation officer of his new residence after he left his previous residence prior to April 5, 2005.

(d) *Standard Condition # 7:* The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

The defendant violated this condition of supervised release by using a controlled substance which resulted in urine samples that tested positive for morphine on nine occasions between October 5, 2004 and June 20, 2005. Defendant admitted to the probation officer that he used heroin on June 18, 2005.

4. The violation of the above listed general condition is deemed a Grade B violation. The violation of the above listed Standard Conditions # 2, # 6, and # 7 are deemed Grade C violations. The advisory range of imprisonment upon revocation as set forth in Section 7B1.4 of the United States Sentencing Guidelines is 21–27 months.

5. The Court finds the defendant in violation of his supervised release.

An appropriate Order follows.

### ORDER

**AND NOW,** this 15th day of August, 2006, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(A) On the 18th day of May, 1992, the defendant was sentenced to 15 years incarceration followed by five years of supervised release. The defendant additionally was ordered to observe all rules specified by the Probation Department.

(B) On the 16th day of December, 2003, the defendant commenced supervision by the Probation Office.

(C) The defendant has violated the following terms and conditions of his supervised release:

(1) *General Condition:* The defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance.

(2) *Standard Condition # 2:* The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five (5) days of each month.

(3) *Standard Condition # 6:* The defendant shall notify the probation officer within ten (10) days of any change in residence or employment.

(4) *Standard Condition # 7:* The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

(D) The violation of the general condition is deemed a Grade B violation. The violation of Standard Conditions # 2, # 6, and # 7 are deemed Grade C violations. The advisory range of imprisonment upon revocation as set forth in Section 7B1.4 of the United States Sentencing Guidelines is 21–27 months.

Therefore, it is ORDERED that:

(1) The defendant's supervised release is revoked.

(2) The defendant shall be committed to the custody of the Bureau of Prisons for 21

months. No further supervised release is imposed. This sentence shall run concurrently with defendant's state court sentence to the extent permitted by law.