OPINION OF THE COURT
JORDAN, Circuit Judge.
Appellant Mike K. Brown appeals from a March 19, 2009 judgment of the United States District Court for the Western District of Pennsylvania sentencing him to nine months imprisonment, to be followed by one year of supervised release. For the following reasons, we will affirm.
1. Background
On October 31, 2000, Brown pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), in the United States District Court for the District of South Carolina. He was sentenced to a period of incarceration and, of significance here, to three years of supervised release. The court placed several conditions on Brown’s supervised release, including a prohibition on the excessive use of alcohol and the unlawful use or possession of any controlled substance, and a requirement that Brown participate in a drug abuse testing and treatment program. After Brown’s release from prison, jurisdiction over his supervised release was transferred to the United States District Court for the Western District of Pennsylvania (the “District Court”) on July 9, 2007.
At a hearing on August 27, 2008, the District Court heard evidence that the Commonwealth of Pennsylvania had charged Brown with driving under the influence of alcohol, that Brown had tested positive for and admitted to using marijuana, and that Brown had refused to participate in a drug abuse testing and treatment program. The Court concluded that Brown had violated several conditions of his supervised release, and it thus revoked that release.[1] It sentenced Brown to seven months imprisonment and an additional twelve-month period of supervised release. The Court also added two additional conditions of supervised release, requiring Brown to complete an in-patient drug and alcohol treatment program, and prohibiting Brown from the purchase, possession, or consumption of alcohol.[2]
*485 Brown served the prison term imposed and began serving his one-year period of supervised release in early 2009. However, on February 26, 2009, his probation officer filed a petition seeking to again revoke Brown’s supervised release. On March 18, 2009, another revocation hearing was held, during which Brown admitted to (1) submitting one falsified urine sample and two urine samples that had tested positive for marijuana, (2) drinking alcohol, (3) failing to attend counseling or treatment programs, and (4) moving without notifying his probation officer. Based on those violations of the conditions of his second term of supervised release, the District Court revoked the release and prepared to impose a new sentence.
The Court heard sentencing arguments from both the government and Brown. Brown requested a variance from the Sentencing Guidelines based on his multiple health problems,[3] claiming that a prisoner in his situation would not receive adequate medical treatment. In response, the government contended that Brown’s history in prison showed that he had “a number of medical problems that have been adequately dealt with by the Bureau of Prisons.” (App. at 12.) The government also argued for a harsher sentence than Brown received after his first supervised release violation because, not only had he refused drug and alcohol treatment on several occasions, he had refused to comply with the Court’s prior efforts to limit his intake of alcohol. The government also observed that Brown had filed a motion pursuant to 28 U.S.C. § 2255 because “[h]e felt that [the court’s prohibition on his use of alcohol] violated his constitutional right to liberty, property and pursuit of happiness, serving no judicial purpose.” (App. at 13.) Finally, the government told the Court that Brown had a pending a DUI charge from Venango County, Pennsylvania, that involved his narrowly avoiding running over children.
The Court concluded that Brown’s infractions constituted Grade C supervised release violations under U.S.S.G. § 7Bl.l(b), that his criminal history category was V, and that his Guidelines range for the release violations was seven to thirteen months imprisonment. The court then noted its intent to sentence Brown to nine months imprisonment and another year of supervised release.[4] It addressed the sentencing factors enumerated in 18 U.S.C. § 3553(a) and offered the following explanation of the sentence:
First of all, ... as I think the record reflects, there is no factual dispute as to the violations. What we have here is an inability and/or unwillingness on the part of this defendant to comply with the conditions of supervised release, particularly insofar as it relates to attending required treatment sessions, abstaining from use of alcohol and/or drugs. I should note parenthetically that this is the second time through here on a revocation, the first time having been revoked for similar conduct with a sentence of seven months imposed.
*486 I consider supervised release violations, particularly a second round of supervised release violations serious, because it impacts in a certain way on the integrity of the whole system and it is problematic.
I also consider in a case like this the need for deterrence, that is to send an appropriate message to other individuals on supervised release that there are consequences in violating. Hereto, given what appears to be a significant alcohol problem and one that either this defendant has been unable or unwilling to really meaningfully come to terms with, there is a safety issue here which I see .... primarily safety to the public in general.
I’ve also considered the need to avoid ... sentencing disparities between similarly-situated defendants.
As I said to Mr. Brown at the outset, I am by no means unsympathetic with these health issues, but I do not see that the lay of the land has changed appreciably there in terms of what his health situation was before and what his health situation is now.... But with your Hepatitis C and you indicated a potential cirrhosis problem, probably the healthiest place for you for a period of time is off the street where you won’t be drinking and punishing yourself that way. Where you can get some medical treatment because I’m absolutely convinced that you have absolutely no intention, at least at the present time and I’m holding out hope in the future that you will, I’ve seen no indication up to this point in time that you have any indication of stopping drinking or using drugs period. And that’s just the long and the short of it.
(App. at 17-18.) Neither Brown nor his counsel raised any objection during the sentencing hearing.
Brown did, however, file this timely appeal. He asks us to vacate his sentence and remand the case for three reasons. First, he claims that his sentence was unreasonable because the “District Court did not adequately address all the factors of 18 U.S.C. § 3553(a), such as [his] medical history and characteristics ... as well as possible sentencing disparities with other similarly situated defendants.” (Appellant’s Op. Br. at 15.) Second, he argues that the imposition of another year of supervised release created an unwarranted disparity between him and other similarly situated defendants.[5] Finally, he maintains that certain statements made by the government at sentencing were unduly prejudicial.
II. Discussion[6]
In general, we review a criminal defendant’s sentence for reasonableness. Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); see also United States v. Bungar, 478 F.3d 540, 543 (3d Cir.2007) (holding that reasonableness review applies “to a sentence imposed upon a revocation of supervised release”). However, when a defendant fails to preserve an objection, we review the district court’s decision for plain error. See United States v. Watson, 482 F.3d 269, 274 (3d Cir.2007); see also United States v. Grier, 475 F.3d 556, 571 n. 11 (3d Cir.2007) (“An objection to the reasonableness of [a] final *487 sentence will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a).”).
Brown contests the reasonableness of his sentence and also asserts that the sentencing hearing was infected by the consideration of inadmissible evidence. We consider each of those arguments in turn.
A The Reasonableness of Brown’s Sentence
When evaluating the reasonableness of a sentence imposed on a criminal defendant, our analysis involves two levels of inquiry. We begin by determining whether the district court “committed [any] significant procedural error.” Gall, 552 U.S. at 51,128 S.Ct. 586. Upon determining that the sentence is “procedurally sound,” we consider whether the sentence is substantively reasonable. Id.
A district court’s “fail[ure] to consider the § 3553(a) factors” can create a procedurally unreasonable sentence. United States v. Levinson, 543 F.3d 190, 195 (3d Cir.2008) (quoting Gall, 552 U.S. at 51, 128 S.Ct. 586). Indeed, we have held that the “touchstone of ‘reasonableness’ is whether the record as a whole reflects rational and meaningful consideration of’ those factors. Grier, 475 F.3d at 571. Although Brown attacks the District Court’s consideration of the § 3553(a) factors on three fronts, we are satisfied that the sentencing decision was proper.
First, Brown claims that the District Court failed to adequately consider whether the sentence would address his health needs. Next, he asserts that the Court did not adequately address the need to avoid unwarranted sentencing disparities among similarly situated defendants, and he argues that the sentence actually caused a disparity between him and other defendants sentenced for violating supervised release conditions. Finally, Brown alleges that the District Court considered public safety as a factor when there was no evidence that the Court could properly consider in that regard.
As to the first argument, the District Court’s consideration of Brown’s health problems was more than sufficient. Before sentencing, the Court inquired into the issue and said to Brown: “I am by no means unsympathetic with your medical conditions.” (App. at 16.) Then, in explaining the sentence, the Court reiterated those sentiments, as quoted above. Thus, it explicitly addressed Brown’s health issues, including the specific concerns he raised.
Second, there was no error in the District Court’s treatment of potential sentencing disparities. Brown has not pointed us to anything in the record indicating that he raised a question about a potential disparity, nor have we found any preservation of that issue in the record. Assuming he had preserved the issue for appeal, however, it was sufficient for the Court to say, as it did, that it had considered the need to avoid unwarranted sentencing disparities between similarly-situated defendants. Without any specific disparity having been raised, the District Court cannot be faulted for simply noting that it had given the issue due consideration. Cf. United States v. Lessner, 498 F.3d 185, 203 (3d Cir.2007) (“A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account.”).
Furthermore, we find no merit in Brown’s present claim that the District Court created an actual disparity between him and other similarly situated defendants. Brown contends that several cases from district courts within our Circuit reveal “a pattern of terminating supervised release following a term of imprisonment *488 imposed for a violation of supervised release.” [7] (Appellant’s Op. Br. at 20.) A disparity exists, Brown claims, because the defendants in those eases were sentenced only to terms of imprisonment after their terms of supervised release were revoked, while his sentence includes both a term of imprisonment and an additional term of supervised release. Passing once again the question of whether he adequately preserved his argument for appeal, the argument nevertheless fails because he has not pointed to any disparity between himself and a defendant whose “circumstances exactly paralleled” his. United States v. Charles, 467 F.3d 828, 833 n. 7 (3d Cir. 2006). Although Brown has cited to cases where other defendants were not sentenced to additional terms of supervised release after violating conditions of their supervised release, he has not brought to our attention any instance where this is true for a defendant sentenced after a second violation of supervised release who posed a threat to society because of an unwillingness or inability to control addictions to alcohol or drugs. He has, in short, failed to note any evidence of an actual disparity.
Finally, the District Court’s consideration of public safety was proper because it had ample reason to conclude that Brown posed a threat to the public. This was Brown’s second violation of supervised release and both violations involved Brown’s use of alcohol and drugs. The Court knew that Brown had been charged by the Commonwealth of Pennsylvania with driving under the influence of alcohol, and it further knew that attempts to remedy Brown’s addictions through treatment had proven unsuccessful. Based on that evidence, none of which is contested, the District Court was well within the bounds of its discretion to base Brown’s sentence, in part, on the need to protect the public.
Because the District Court’s decisions regarding the § 3553(a) factors were adequate, Brown’s sentence was reasonable. Brown has not directed our attention to any other issue that he contends undermines the reasonableness of the sentence, either procedurally or substantively, and we can discern none.

B. Statements Made by the Government at Sentencing

Brown next urges us to vacate his sentence based on four statements made by the government at the March 13, 2009 hearing, statements that he now claims were improper for the District Court to have considered in that setting. The specific statements are as follows: (1) “As you know, there is a 2255 [motion] pending .... [whereby Brown protested the imposition of] a condition that [he] cannot possess or use or consume alcohol;” (2) “I would remind the court that [Brown] has still pending a DUI ... [where] there were a number of children that were by the road that he is alleged to have narrowly” missed hitting; (3) “[Brown] has also ... refused at various times to take treatment” in violation of the conditions of his supervised release; and, (4) Brown has “had a number of medical problems that *489 have been adequately dealt with by the Bureau of Prisons.” (App. at 12-13.)
Since Brown did not raise before the District Court his current objections to the government’s statements, he is entitled to relief only if the Court committed plain error by considering them. See Watson, 482 F.3d at 274. Further, even if we find plain error, we must allow the decision to stand unless the error affects substantial rights, United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and “seriously affects the fairness, integrity or public reputation of judicial proceedings.” Id. (quoting United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (internal quotations omitted)).
Brown claims that the District Court’s consideration of the statements made by the government amounts to plain error because, in considering them, the court deviated from the Federal Rules of Evidence. Specifically, Brown’s objection is to the relevance and reliability of the statements because they do not “directly relate[ ] to the revocation of Brown’s supervised release” and “there was no evidence (hearsay or otherwise) presented at the hearing of the ... behavior” alluded to by the government’s statements. (Appellant’s Op. Br. at 19.)
We can dispose of this argument with little discussion. It is fundamental that “[t]he Federal Rules of Evidence do not apply in sentencing proceedings.” United States v. Miele, 989 F.2d 659, 663 (3d Cir.1993). Indeed, “in resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.” United States v. Yeaman, 194 F.3d 442, 463 (3d Cir.1999) (quoting U.S.S.G. § 6A1.3) (alteration omitted) (internal quotation omitted). In this case, the District Court did not err by considering the four statements complained of, because each was relevant and reliable. It is telling that no objection was made at the time the statements were made, and more telling still that no evidence has been proffered to show that any of the statements was less than entirely accurate.
III. Conclusion
For the foregoing reasons, we will affirm the sentence imposed by the District Court.

. A district court may revoke a sentence of supervised release pursuant to 18 U.S.C. § 3583(e) if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." That section also gives a district court authority to fashion a new sentence for a defendant whose sentence of supervised release has been revoked. Id.

. On October 27, 2008, Brown filed a pro se motion pursuant to 28 U.S.C. § 2255 to vacate the sentence, arguing that preventing him from purchasing, possessing or consum *485 ing alcohol violated his due process rights. That motion is still pending before the District Court.

. Of his health problems, Brown said: "I have Hepatitis, which is a terminal illness. I’m bipolar, I'm manic depressive. I'm paranoid schizophrenic. I have panic and anxiety attacks. I also have a herniated disc in my cervical, thoracic and lumbar in my back. A herniated disc which resulted in spinal steno-sis. And I also have scoliosis of the back. And more likely than not, I’m being checked on this, I probably have cirrhosis of the liver.” (App. at 10-11.)

. Under 18 U.S.C. § 3583(h), "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.”

. Brown’s argument concerning a perceived disparity between himself and similarly situated defendants is in essence a subset of the first argument because both arguments allege that the District Court failed to adequately consider the sentencing factors listed in 18 U.S.C. § 3553(a). Accordingly, we will address this argument in our discussion of the reasonableness of Brown’s sentence.

. The District Court had subject matter jurisdiction in this case under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

. The cases cited to by Brown on this point include: United States v. Brightful, 444 F.Supp.2d 337 (E.D.Pa.2006); United States v. Washington, 455 F.Supp.2d 299 (E.D.Pa.2006); United States v. Leach, 397 F.Supp.2d 599 (E.D.Pa.2005); United States v. Hudicek, 406 F.Supp.2d 559 (E.D.Pa.2005); United States v. Rafeh, 274 F.Supp.2d 690 (E.D.Pa.2003); United States v. Thompson, 240 F.Supp.2d 325 (E.D.Pa.2003); United States v. Bibbs, 252 F.Supp.2d 170 (E.D.Pa.2003); United States v. Evans, 208 F.Supp.2d 538 (E.D.Pa.2002); United States v. Segars, 226 F.Supp.2d 686 (E.D.Pa.2002); United States v. Nelson, 221 F.Supp.2d 576 (E.D.Pa.2002); United States v. Bell, 171 F.Supp.2d 487 (E.D.Pa.2001). United States v. Tyler, 98 F.Supp.2d 641 (E.D.Pa.2000).